United States District Court
Southern District of Texas
FILED

FEB 2 2 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAPLEX, S.A. DE C.V. | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. **B-00-032** |
| | § | |
| CITY OF BROWNSVILLE | § | JURY TRIAL REQUESTED |
|     Defendants. | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, MAPLEX, S.A. DE C.V., hereinafter referred to as Plaintiff, complaining of CITY OF BROWNSVILLE, hereinafter referred to as Defendant, and for cause of action would respectfully show unto this Court as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Specifically, diversity jurisdiction exists because Plaintiff has sued to recover damages in excess of $100,000.00 and complete diversity exists between the parties.   This Court also has jurisdiction under the doctrine of Alienage Jurisdiction, as Plaintiff is a foreign corporation.  This Court also has jurisdiction under § 1983 *et seq.*, which is a Federal statute for various civil rights violations.

2.      Plaintiff, Maplex, S.A. De C.V., is a foreign corporation organized and existing in the Country of Mexico.  Defendant is a city located in the State of Texas.

3.      Venue is proper in the Southern District of Texas because this is where Defendant has its principal place of business, where the relevant documents are kept, where Plaintiff purchased the assets from the bankruptcy sale and/or where Defendant's improper actions occurred.

4.      Defendant, City of Brownsville, may be served with summons by serving the proper representative of the City of Brownsville.   However, issuance of summons is not requested at this time because Plaintiff will ask the attorney for the City of Brownsville to accept summons on the City of Brownsville's behalf.   Defendant's attorney is believed to be Dalby Fleming, Davidson & Troilo, P.C., 7550 West IH-10, Suite 800, San Antonio, Texas 78229-5815.

### FACTS

5.      For a period of time, Defendant leased premises to Eagle Coach Corp. ("Eagle"). Eagle's business deteriorated and it entered bankruptcy.   When Eagle entered bankruptcy, it owed Defendant monies for unpaid rental payments.   Plaintiff acquired Eagle's assets at the bankruptcy sale.   One of the reasons that Plaintiff purchased the assets at the bankruptcy sale, was that the City of Brownsville assured Plaintiff that it would charge a low rent to lease these premises.   Defendant also made other representations to Plaintiff to entice Plaintiff to bid on Eagle's assets at the bankruptcy sale.   Specifically, Defendant's representatives told Plaintiff that the City of Brownsville wanted to keep the business located in Brownsville and did not want the assets purchased by a corporation and moved to another city in the valley.   The City of Brownsville wanted to keep the jobs in the City of Brownsville as well as increase the commerce that would flow through the City of Brownsville as a result of the company staying in Brownsville.

6.    Defendant made other representations to entice Plaintiff into purchasing the assets. Plaintiff now believes that Defendant made these representations to cause Plaintiff to submit a higher bid for the assets at the bankruptcy sale. Because the City of Brownsville was the creditor of the bankruptcy estate, a larger bid for the assets would generate a large recovery for the City of Brownsville from the bankruptcy estate.

7.    As a result of Defendant's representations, Plaintiff did submit a large bid for the bankruptcy assets and was awarded ownership of the assets. Plaintiff's bid for the assets at the bankruptcy sale greatly exceeded $100,000. After obtaining the assets, Plaintiff wanted to lease the premises so allow it to begin its business.

8.    Consequently, Plaintiff and Defendant entered into a letter of agreement regarding the facility dated July 28, 1998. Pursuant to the terms of the letter of agreement, Plaintiff submitted a lump sum payment of $75,000.00 in consideration of the authorization to occupy the premises for the three-month period contemplated by the letter of agreement. Defendant agreed to this lease even though the terms were contrary to earlier representations.

9.    Later, again contrary to earlier representations, Defendant tried to raise the monthly lease payments to $35,000.00 per month (Plaintiff's predecessor was paying $19,000.00 for the use of the premises). Rather than charging less than the previous amount, Defendant began charging almost double the amount.

10.    After further negotiations proved unsuccessful, Plaintiff subsequently vacated the premises.    However, during these times, Defendant's officials harassed Plaintiff's representatives, improperly seized property belonging to Plaintiff (that it has purchased in the bankruptcy sale) and once Plaintiff transferred the assets out of the facility into a new facility, Defendant had its officials inform the owners of the new facility that the zoning laws regarding

the new facility at which Plaintiff was storing its equipment had changed. Contrary to Defendant's employees' representations, the zoning laws had not changed at the new facility. Regardless, Plaintiff had to move its equipment. Defendant performed other improper acts designed to damage Plaintiff's business.

11. Plaintiff will show this Court that the City of Brownsville induced Plaintiff to purchase the assets of Eagle for several reasons. Indeed, but for Defendant's representations, Plaintiff would never have purchased the assets of Eagle. By promising lower rental rates and additional perks, the City of Brownsville wanted to increase Plaintiff's bid to purchase the assets, which would increase the amount of money that the City could obtain from the bankruptcy estate.

12. Plaintiff's claims against Defendant include breach of contract, fraud, fraudulent inducement, misrepresentation, tortuous interference with business relations, tortuous interference with a contract, libel, slander and business disparagement. Plaintiff also sues under §1983 et seq. for various civil rights violations, including the right to be in business and discriminatory enforcement of zoning laws.

13. Plaintiff seeks to recover its lost profits, damage to its representation in the community, loss of business opportunities, monies it paid to purchase the assets at the bankruptcy sale, all costs and expenses associated with the business it purchased in the bankruptcy estate, attorneys' fees, pre-judgment and post-judgment interest, and Court costs within the jurisdictional limits of this Court. These amounts greatly exceed $100,000. Specifically, Plaintiff bid well over $100,000.00 to acquire Eagle's assets at the bankruptcy sale.

14. Plaintiff also seeks punitive damages in the amount of $3,000,000.00.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer all said allegations and that upon final hearing, Plaintiff receives the following relief:

    (a)    Economic damages in the amount of at least $1,000,000.00;

    (b)    Punitive damages in the amount of at least $3,000,000.00;

    (c)    Additional compensatory damages as shown to this Court;

    (d)    Pre-judgment interest;

    (e)    Post-judgment interest;

    (f)    Attorneys' fees, experts' fees, Court costs and expenses incurred herein; and

    (g)    Any such additional relief as this Court deems just.

## JURY DEMAND

15.    Plaintiff demands a trial by jury of all issues of fact in this action.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: _____
    Eric Lipper
    State Bar No. 12399000
    William P. Huttenbach
    State Bar No. 24002330
    25th Floor, Bank of America
    700 Louisiana
    Houston, Texas 77002
    TEL: 713/220-9181
    FAX: 713/223-9319

OF COUNSEL:

HIRSCH & WESTHEIMER, P.C.

LEAD COUNSEL FOR PLAINTIFF, MAPLEX, S.A. DE C.V.