5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 05 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MAPLEX, S.A. DE C.V. | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF BROWNSVILLE | § | B-00-032 |
|     Defendant. | § | |

## DEFENDANT'S MOTIONS FOR DISMISSAL OR, IN THE ALTERNATIVE, A MORE DEFINITE STATEMENT

The CITY OF BROWNSVILLE moves for relief under the provisions of Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(e) as follows:

I.

Plaintiff's Complaint asserts a claim against the City of Brownsville, Texas under "§ 1983 et seq. for various civil rights violations, including the right to be in business and discriminatory enforcement of zoning laws." (Complaint, Paragraph 12). As pled, Plaintiff Complaint fails to allege the deprivation of a right secured by the Constitution and/or laws of the United States of America. The "right to be in business" is not a right secured by the Constitution or the law of the United States. Since deprivation of a federally protected right is an essential element of a claim under 42 U.S.C. § 1983, no claim upon which relief can be granted thereunder has been stated by Plaintiff. *See Baker v. McCollum*, 443 U.S. 137 (1979). Plaintiff's claims under 42 U.S.C. § 1983 should, therefore, be dismissed.

II.

Assuming, for the sake of argument, that Plaintiff's Original Complaint attempts to state a claim under 42 U.S.C. § 1985 by reference to "§ 1983 et seq.", Plaintiff has failed to state a claim upon which relief may be granted thereunder. In order to state such a claim, one must allege that a defendant's actions were aimed at the deprivation of a federally protected right and were based upon some racial, or perhaps otherwise class-based invidiously discriminatory animus. *Carpenters v. Scott*, 463 U.S. 825 (1983). Plaintiff Complaint contains no such allegations, thereby providing further and additional grounds for the dismissal of Plaintiff's claims "under § 1983 et seq."

III.

Plaintiff's state law claims of fraud, fraudulent inducement, misrepresentation, tortious interference with business relations, tortious interference with contract, libel, slander and business disparagement are barred by the doctrine of sovereign or governmental immunity under the law of Texas. *Houston v. Southwest Concrete Constr., Inc.*, 835 S.W.2d 728 (Tex. App.--Houston [14th Dist.] 1992, writ denied). Texas has not waived sovereign or governmental immunity for any or all of such claims. *McKinney v. Gainesville*, 814 S.W.2d 862 (Tex.App.—Fort Worth 1991, no writ). Such claims should, therefore, be dismissed.

IV.

Plaintiff's claim for breach of contract should be dismissed for failure to state a claim upon which relief may be granted. Dismissal of such claim is appropriate as Plaintiff's Complaint shows, on its face, that the Plaintiff cannot prove any set of facts that would entitle it to relief thereupon. See *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d

2

521, 524 (5th Cir.1994); See *Doe v. Hillsboro I.S.D.*, 81 F3d 1395, 1401 (5th Cir.1996). Based upon the facts alleged in Plaintiff's Complaint, Plaintiff does not possess any right to relief on its breach of contract claim. See *Crowe v. Henry*, 43 F3d 198, 203 (5th cir.1995). No claim for relief is stated if the complaint pleads facts insufficient to show that the plaintiff is entitled to relief thereupon. *Sutton v. Eastern Viavi Co.*, 138 F2d 959, 960 (7th Cir.1943). Plaintiff's breach of contract claim should, therefore, be dismissed.

V.

There is currently pending in the 103rd Judicial District Court of Cameron County, Texas a prior action, bearing cause no. 99-05-2468-D, which involves identical issues and parties. The controlling issues in this suit will be determined in the state court proceeding. The relief sought within Plaintiff's Complaint is identical in substance and nature to the relief sought in the state court action. The foregoing provides further and additional grounds for the dismissal of Plaintiff's Complaint in order to avoid conflicting opinions and to promote judicial efficiency. See 5A C. Wright and A. Miller, *Federal Practice and Procedure* § at 441-443 (1990).

VI.

Plaintiff cannot recover exemplary or punitive damages against the City of Brownsville under either 42 U.S.C. § 1983 or the law of Texas. Plaintiff's punitive damages claim under 42 U.S.C. § 1983 is barred by the ruling of the United States Supreme Court in *Fact Concerts, Inc. v. City of Newport*, 453 U.S. 247 (1981). Recovery of exemplary damages against a Texas municipality is further barred by Tex. Civ. Prac. & Rem. Code Ann. § 101.024 and the doctrine of sovereign or governmental immunity. *City of LaPorte v. Barfield*, 898 S.W.2d 288 (Tex.1995).

3

VII.

Alternatively, Defendant moves for a more definite statement under the provisions of Fed. R. Civ. P. 12(e) as to Plaintiff's claim under "§ 1983 et seq. for various civil rights violations" since, as presently pled, the claim is unintelligible. In addition, Defendant alternatively moves for a more definite statement as to Plaintiff's claim for breach of contract since, as presently pled, the complaint is ambiguous and unintelligible as to the factual allegations meant to support such claim and does not contain sufficient information to allow a responsive pleading to be framed.

WHEREFORE, Defendant prays that the Court dismiss this action because Plaintiff's Original Complaint fails to state a claim against Defendant upon which relief can be granted or, in the alternative, order Plaintiff to file and serve upon Defendant's attorney a more definite statement with respect to Plaintiff's claim(s) under federal law and its breach of contract claim.

Respectfully submitted,

DAVIDSON & TROILO,
A Professional Corporation
7550 West IH-10, Suite 800
San Antonio, Texas 78229-5815
Telephone (210) 349-6484
Facsimile (210) 349-0041

By: _____
Dalby Fleming
State Bar No. 00793732
Fed. ID # 20358

ATTORNEYS FOR DEFENDANT

4