UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAPLEX, S.A. DE C.V. | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF BROWNSVILLE | § | B-00-032 |
|     Defendant. | § | |

## DEFENDANT'S MOTION TO STAY

Subject to its previously filed Motion for Dismissal and alternative Motion for a More Definite Statement and without waiving the same, The CITY OF BROWNSVILLE moves to stay the above-styled and numbered proceedings, and in support thereof would show as follows:

I.

FACTUAL BACKGROUND

1. On or about May 28, 1999, the City of Brownsville, Texas ("Brownsville") filed suit against Maplex, S.A. de C.V. ("Maplex") in the 103rd Judicial District of Cameron County, Texas (the "state proceeding"). In the state proceeding, Brownsville asserts claims against Maplex arising from incidents surrounding Maplex's lease of a facility at the Brownsville/South Padre Island Airport International Airport. Maplex subsequently participated in the improper removal of the state proceeding. On January 24, 2000, this Court entered an Order of Remand remanding the state proceeding to state court.

2. On February 22, 2000, Maplex filed the above-numbered and styled action (the "federal proceeding"). In its complaint ("Plaintiff's Complaint"), Maplex asserts claims arising from incidents surrounding the same transaction made the subject of the state proceeding. On the same date that Maplex filed the federal proceeding, Maplex filed its First Amended Answer and Counterclaim in the state proceeding ("Plaintiff's Counterclaim"). A true and correct copy of the Counterclaim is attached hereto as Exhibit "A" and incorporated herein by reference the same as if set forth at length.

II.

MAPLEX'S PLEADINGS

3. Plaintiff's Complaint and Plaintiff's Counterclaim are substantially similar in nature and substance. The relief sought within Plaintiff's Complaint is identical to the relief sought in Plaintiff's Counterclaim. The following excerpts are duplicated verbatim within Plaintiff's Complaint and Plaintiff's Counterclaim:

> "Pursuant to the terms of the letter of agreement, Plaintiff submitted a lump sum payment of $75,000.00 in consideration of the authorization to occupy the premises for the three-month period contemplated by the letter of agreement." (Plaintiff's Complaint, paragraph 8; Plaintiff's Counterclaim, attached hereto as Exhibit "A", paragraph 16).

> ".... contrary to earlier representations, (Brownsville) tried to raise the monthly lease payments to $35,000.00 per month (Maplex's predecessor was paying $19,000.00 for the use of the premises). Rather than charging less than the previous amount as was represented, Plaintiff began charging almost double the amount." (Plaintiff's Complaint, paragraph 9; Plaintiff's Counterclaim, attached hereto as Exhibit "A", paragraph 17).

> "After further negotiations proved unsuccessful, Plaintiff subsequently vacated the premises." (Plaintiff's Complaint, paragraph 10; Plaintiff's Counterclaim, attached hereto as Exhibit "A", paragraph 18).

2

"(Maplex) seeks to recover its lost profits, lost equipment it was forced to leave behind, damage to its representation in the community, loss of business opportunites, monies it paid to purchase the assets at the bankruptcy sale, the amounts as paid under the letter of agreement, all costs and expenses associated with the business it purchased in the bankruptcy estate, attorneys' fees, pre- and post-judgment interest, and Court costs within the jurisdictional limits of this Court." (Plaintiff's Complaint, paragraph 13; Plaintiff's Counterclaim, attached hereto as Exhibit "A", paragraph 19).

III.

ABSTENTION

4. In the interest of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," federal courts may stay a proceeding where a concurrent state action is pending in which identical issues are raised. *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). Exact parallelism between parties and claims is not required as substantial similarity between the federal and state proceedings is sufficient for abstention in the federal proceeding. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir.1989)

5. Without question, the controlling issues in the federal proceeding will be fully determined in the state proceeding. Maintenance of the federal proceeding involving identical facts and issues will result in piecemeal litigation, the waste of judicial resources, inconvenience to the parties and will risk conflicting results. The state court has jurisdiction to hear each and every claim asserted by Maplex and the relief sought in each proceeding is identical. The state court is, therefore, fully capable of adequately protecting Maplex's rights. The earlier state proceeding has progressed significantly while activity in the federal proceeding has been relatively negligible.

3

Based on the foregoing, the federal proceeding should be stayed. *see Colorado* at 818; *see also Nakash* at 1415-1417; *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983); *see also U.S. Fid. & Guar. Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259, 263 (8th Cir.1994).

WHEREFORE, Defendant prays, subject to its previously filed Motion to Dismiss and alternative Motion for More Definite Statement and without waiving the same, that this Court abstain in and stay this action and for such other and further relief to which Defendant may show itself to be justly entitled.

Respectfully submitted,

DAVIDSON & TROILO,
A Professional Corporation
7550 West IH-10, Suite 800
San Antonio, Texas  78229-5815
Telephone (210) 349-6484
Facsimile (210) 349-0041

By: _____
    Dalby Fleming
    State Bar No. 00793732
    Fed. ID # 20358

ATTORNEYS FOR DEFENDANT

4

ClibPDF - www.fastio.com

CAUSE NO. 99-05-2468-D

| | | |
|---|---|---|
| CITY OF BROWNSVILLE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MAPLEX, S.A. De C.V. AND | § | |
| EAGLE MOTOR COACH CORP. | § | 103RD JUDICIAL DISTRICT |

## DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER AND COUNTERCLAIM

Defendants, Maplex, S.A. De S.V. and Eagle Motor Coach Corporation (collectively "Defendants") file this First Amended Original Answer and Counterclaim to Plaintiff's Original Petition and would respectfully show unto the Court as follows:

### GENERAL DENIAL

1. As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants enter a general denial of all mattes pleaded by Plaintiff and respectfully request that the Court require Plaintiff to prove its charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### AFFIRMATIVE DEFENSES

2. Plaintiff's claims are barred by fraud because the Plaintiff misrepresented material facts to Defendants.

3. Defendants assert the affirmative defense of accord and satisfaction as Defendants were released from any claims as alleged by the Plaintiff by written agreement.

4. For further answer, Defendants would show that the damages, if any, allegedly sustained by the Plaintiff were caused, in whole or in part, by the Plaintiff's negligence, or the negligence of others for whom Defendants are not responsible.

990699.990699/113622.01


EXHIBIT "A"

5.      For further answer, Defendants specifically deny that their conduct related to the transactions made the basis of this lawsuit was negligent, malicious, or wrongful such as to entitle the Plaintiff to recover exemplary or punitive damages.

6.      For further answer, Defendants would show that the Plaintiff has failed to mitigate its damages as it is required to do by law but instead has deliberately taken actions to enhance its damages and has failed to mitigate them.

7.      For further answer, Defendants would show that the Plaintiff has waived or estopped to claim any damages in that the Plaintiff's claims are barred by the statute of frauds and/or the parol evidence rule.

8.      For further answer, Defendants would show that they have not breached any agreement with the Plaintiff. In fact, at all times material hereto, Defendants' conduct was consistent with the contract.

9.      For further answer, Defendants would show that the Plaintiff's claims are barred pursuant to the doctrine of laches and/or unclean hands.

10.     For further answer, Defendants deny that they left hazardous materials that belonged to them on the property. The materials were present on the property before Defendants took possession. Defendants notified Plaintiff of the materials once they were found on the property.

11.     For further answer, Defendants deny that they damaged the property as alleged by Plaintiff. The property was old and not in good condition before Defendants ever used the premises. Defendants were also prevented from re-entering the premises as Defendants were cleaning the premises.

12.     Defendants also incorporate by reference the arguments raised below in the counterclaim.

## COUNTERCLAIM

13.  Service of this counterclaim is being made as indicated herein as all parties have already appeared in this matter.

14.  Defendants would show that Plaintiff and Defendants entered into a written contract on or about July 28, 1998 a true and correct copy of which is attached to Plaintiff's Original Petition. Plaintiff breached the above-described contract. Defendants are entitled to recover their reasonable attorneys' fees in accordance with Section 38.001(8) of the Texas Civil Practice & Code. Defendants, therefore, requests that this Court award them judgment against Plaintiff for their reasonable attorneys' fees incurred herein, such sums being at least $10,000.00.

15.  Defendants also request damages for breaching the Texas Property Code with regards to relations between tenants and landlords.

16.  Pursuant to the terms of the letter of agreement, Maplex submitted a lump sum payment of $75,000.00 in consideration of the authorization to occupy the premises for the three-month period contemplated by the letter of agreement. Thereafter, Maplex paid the amount of $25,000.00 per month. At no time did the parties execute a document authorizing the charging of a different amount.

17.  Indeed, contrary to earlier representations, Plaintiff tried to raise the monthly lease payments to $35,000.00 per month (Maplex's predecessor was paying $19,000.00 for the use of the premises). Rather than charging less than the previous amount as was represented, Plaintiff began charging almost double the amount.

18.  After further negotiations proved unsuccessful, Maplex subsequently vacated the premises. The lease allowed Defendants a reasonable time to vacate. Notwithstanding this agreement, Plaintiff called uniformed police offers to the Property and prevented Defendants from

re-entering the property. Plaintiff performed these actions without filing a forcible detainer action and/or obtaining a writ of possession.

19. Defendants seek to recover its lost profits, lost equipment it was forced to leave behind, damage to its representation in the community, loss of business opportunities, monies it paid to purchase the assets at the bankruptcy sale, the amounts as paid under the letter of agreement, all costs and expenses associated with the business it purchased in the bankruptcy estate, attorneys' fees, pre- and post-judgment interest, and Court costs within the jurisdictional limits of this Court.

20. Defendants also seek punitive damages to punish Plaintiff for its illegal and improper actions.

WHEREFORE, PREMISES CONSIDERED, Defendants seek to recover against Plaintiff the damages as set forth in this pleading and to whatever else it is justly entitled to under the law.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: *Will Hutt*

Eric Lipper
State Bar No. 12399000
William P. Huttenbach
State Bar No. 24002330
25th Floor, Bank of America Center
700 Louisiana
Houston, Texas 77002
TEL: (713) 220-9184
FAX: (713) 223-9319

CO-COUNSEL FOR MAPLEX, S.A. DE C.V. AND EAGLE MOTOR COACH CORP.

OF COUNSEL:

HIRSCH & WESTHEIMER, P.C.

THE GARZA LAW FIRM, P.C.

By: *Homer Garza by permission (WPH)*
J. HOMER GARZA
Federal No. 809
State Bar No. 07732000
1111 North Loop West, Suite 927
Houston, Texas 77008-4716
TEL: (713) 880-9300
FAX: (713) 880-9373

ATTORNEYS FOR DEFENDANTS MAPLEX, S.A. DE C.V. AND EAGLE MOTOR COACH CORP.

### CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2000, a true and correct copy of Defendants' First Amended Original Answer and Counterclaim was forwarded by telecopier to the following counsel of record:

Dalby Fleming
Davidson & Troilo
7550 West IH-10, Suite 800
San Antonio, Texas 78229-5815
**Telecopier No. 210/349-0041**

J. Homer Garza
The Garza Law Firm, P.C.
1111 North Loop West, Suite 927
Houston, Texas 77008-4716
**Telecopier No. 713/880-9373**

William P. Huttenbach

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAPLEX, S.A. DE C.V. | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| CITY OF BROWNSVILLE | § | B-00-032 |
|     Defendant. | § | |

## NOTICE OF DEFENDANT'S MOTION TO STAY

To:    Mr. J. Homer Garza
        Attorney at Law
        1111 North Loop West, Suite 927
        Houston, Texas  77008-4716

        Mr. William P. Huttenbach
        Hirsch & Westheimer, P. C.
        700 Louisiana Street, 25th Floor
        NationsBank Center
        Houston, Texas  77002

PLEASE take notice that on or before June 5, 2000 or as soon thereafter as counsel may be heard, Defendant will move the Court, subject to its motion to dismiss and alternative motion for a more definite statement, for an order staying the above-entitled cause based on the grounds contained within the foregoing motion.

    Please take further notice that Defendant will move that fees and costs be taxed in accordance with law.

1

Dated: May 10, 2000.

                              DAVIDSON & TROILO,
                              A Professional Corporation
                              7550 West IH-10, Suite 800
                              San Antonio, Texas 78229-5815
                              Telephone (210) 349-6484
                              Facsimile (210) 349-0041

By: _____
     Dalby Fleming
     State Bar No. 00793732
     Fed. ID # 20358

                              ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered to the following by facsimile transmission, regular mail and/or certified mail, return receipt requested, on this the 10th day of May, 2000.

| | |
|---|---|
| Mr. J. Homer Garza<br>Attorney at Law<br>1111 North Loop West, Suite 927<br>Houston, Texas 77008-4716 | **CERTIFIED MAIL-RRR** |
| Mr. William P. Huttenbach<br>Hirsch & Westheimer, P. C.<br>700 Louisiana Street, 25th Floor<br>NationsBank Center<br>Houston, Texas 77002 | **CERTIFIED MAIL-RRR** |

                              _____
                              Dalby Fleming

PCD#79479

ClibPDF - www.fastio.com