9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 25 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MAPLEX, S.A. DE C.V.<br>Plaintiff, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. B-00-032 |
| | § | JURY TRIAL REQUESTED |
| CITY OF BROWNSVILLE,<br>Defendant. | §<br>§<br>§ | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff, Maplex S.A. De C.V. ("**Maplex**") files this Response to Defendants' Motion for a More Definite Statement, and would respectfully show unto the Court as follows:

1.  Motions for a more definite statement are disfavored and are granted only when the challenged pleading is so unintelligible that a responsive pleading cannot be framed. See, Guess?, Inc. v. Chang, 912 F.Supp. 372, 381 (N.D. Ill. 1995). In this case, a responsive pleading can be framed because the defendant can admit or deny the complaint's allegations. Specifically, Defendant, if applicable, can deny that it has violated the Plaintiff's civil rights. Defendant, if applicable, can deny that it never breached a contract, defrauded Plaintiff or made any misrepresentations to the Plaintiff, etc. Plaintiff has provided factual allegations that support its claims. Simply put, a reasonable person can understand the claims Plaintiff is making against the City of Brownsville.

2.  Fed. R. Civ. P. 12(e) requires the Defendant to identify the defects in the Complaint and details its desires to be included. Defendant has not done so.

3.  The Complaint meets the fair notice requirements of Fed. R. Civ. P. No. 8 and is not required to do more. A lack of detail in the Complaint is not a ground for requiring a more

definite statement. See, <u>Taylor v. Cox</u>, 912 F.Supp. 140, 143 (E.D. Pa. 1995). Moreover, the Defendant is improperly attempting to use Fed. R. Civ. P. 12(e) as a substitute for discovery. If the information sought by the Defendant is obtainable in the discovery process, a Motion for More Definite Statement is inappropriate and should be denied. See, <u>Sagan v. Apple Computer, Inc.</u>, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994).

4. Defendant argues that Maplex's claim under "Section 1983, *et. seq.* for various of right violations" is unintelligible. Defendant also claims that "Plaintiff's claim for breach of contract" is ambiguous and unintelligible. As seen above, this is nonsense. Defendant has been apprised of why it is being sued. Defendant remains free to investigate these claims in the discovery process.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court deny Defendant's Motion for a more Definite Statement.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: _____
Eric Lipper
State Bar No. 12399000
Fed. ID. No. 11442
William P. Huttenbach
State Bar No. 24002330
Fed. ID. No. 21742

OF COUNSEL:

HIRSCH & WESTHEIMER, P.C.

25th Floor, Bank of America
700 Louisiana
Houston, Texas 77002
TEL: 713/220-9181
FAX: 713/223-9319

LEAD COUNSEL FOR MAPLEX, S.A. DE C.V.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2000, a true and correct copy of Plaintiff's Response to Defendant's Motion for a More Definite Statement was forwarded by telecopier to the following counsel of record:

Dalby Fleming
Davidson & Troilo
7550 West IH-10, Suite 800
San Antonio, Texas 78229-5815
**Telecopier No. 210/349-0041**

J. Homer Garza
The Garza Law Firm, P.C.
1111 North Loop West, Suite 927
Houston, Texas 77008-4716
**Telecopier No. 713/880-9373**

William P. Huttenbach