United States District Court
Southern District of Texas
FILED

JUN 0 5 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAPLEX, S.A. DE C.V. | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-032 |
| | § | JURY TRIAL REQUESTED |
| CITY OF BROWNSVILLE, | § | |
| Defendant. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY

Plaintiff, Maplex, S.A. De C.V. ("**Maplex**") files this response to Defendant's Motion to Stay, and would respectfully show unto the Court as follows:

1. Defendant is trying to prevent Plaintiff from exercising its right to have a Federal Court decide this dispute. Defendant argues that because a State Court proceeding has been filed which has some of the same facts that this Court should stay this proceeding. The State Court proceeding includes an extra party and concerns a narrow set of facts regarding a lease agreement. However, in the Federal case, the City of Brownsville was sued for its actions as a creditor in a bankruptcy estate sale. In trying to recover increased amounts from a bankruptcy estate, employees of the City of Brownsville made misrepresentations and committed other acts. The employees stated that if the bankrupt company remained in Brownsville, the citizens of Brownsville would benefit by increased jobs, a better economy, and other factors. These were the reasons provided by the City for offering lower lease rates and other perks. After Plaintiff bought the assets, the City refused to abide by its prior representations. Moreover, even after the lease had ended, Defendant improperly used its governmental powers to continue to harass and intimidate Plaintiff.

990699 990699/120917 01

## ARGUMENT AND AUTHORITIES

2. According to the United States Supreme Court, abstention by a District Court to exercise its jurisdiction is an "extraordinary and narrow exception" to its obligation to adjudicate cases properly brought before it, and that abdication of such obligation is justified only under "exceptional circumstances." See, Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 813 (1976). Furthermore, in situations where abstention from such obligation is based on the existence of a concurrent litigation in State Court, the circumstances under which abstention would be proper are even more limited. See, Id. at 818.

3. The United States Supreme Court has held that "[a]bstention from the exercise of Federal Jurisdiction is the exception, not the rule. See, Id. at 813. "It was never a doctrine of equity that a Federal Court should exercise its judicial discretion to dismiss a suit merely because a State Court could entertain it." See, Id. at 814. Abstention is appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. See, Id. at 814.[1] No questions bearing on state policy are presented in this case.

4. Generally, as between State and Federal Courts, the rule is that the pendency of an action in the State Court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction. See, Id. at 817. The Supreme Court emphasized that Federal Courts have a "virtually unflagging obligation" to hear cases over which they have jurisdiction. "Only the clearest justifications will warrant dismissal." See, Id. See also, Moses H. Cone Memo. Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983) (in which the Supreme Court reaffirmed the stringent standard for exercising federal abstention stated in Colorado River Water Consv. Dist. and the four factors set

---

[1] For example, when a case concern the scope of the imminent domain power of municipalities under State Law.

2

forth therein). The United States Supreme Court reasoned that a stay of a federal suit pending resolution of the state suit amounted to a dismissal of the federal suit. See, Moses H. Cone Memo. Hosp. v. Mercury Constr. Corp., 460 U.S. at 10.

5. The Supreme Court has outlined various factors relevant in determining the appropriateness of federal abstention due to an ongoing parallel State Court proceeding. In Colorado River Water Conserv. Dist., the Supreme Court identified four such factors: (1) whether either Court has assumed jurisdiction over res or property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums.[2] In Moses H. Cone Memo. Hosp., the Supreme Court added two more factors: (5) whether the case involves issues of federal law; and (6) whether parallel state-court litigation will adequately protect the parties' rights. See, Id. at 17. In reference to the foregoing factors, the Supreme Court pointed out that the decision on the appropriateness of abstention does not rest on a "mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." See, Id.

6. The Fifth Circuit of Appeals has adopted the Supreme Court's position with respect to the issue of federal abstention. See, Signad, Inc. v. City of Sugar Land, 753 F.2d 1338 (5th Cir. 1985). In Signad, Inc., the city filed suit in State Court against a billboard owner, seeking to enjoin owner's use of billboard on the ground that the billboard failed to conform with the city ordinance. Prior to filing suit in State Court, the city confiscated the billboard. The owner then filed suit in Federal Court about one month after the state action began, alleging that the state had converted

---

[2] Defendant cites the Colorado River Water Conserv. Dist. case in its motion but does not mention or discuss the four factors. Moreover, Defendant has not offered evidence in support of its claims.

3

owner's property without just compensation. The District Court dismissed the federal action without prejudice. The Fifth Circuit reversed holding that federal abstention was improper in light of the general rule against such abstention and the lack of exceptional circumstances outlined by the Supreme Court in <u>Colorado River Water Conserv. Dist.</u> and <u>Moses H. Cone Mem. Hosp.</u> The Fifth Circuit reasoned that "[W]hen parallel state and federal litigation exists, the federal court's 'balance is heavily weighted in favor of the exercise of jurisdiction.'" <u>See also,</u> <u>Eitel v. Holland</u>, 798 F.2d 815 (5th Cir. 1986); <u>Southwind Aviation, Inc. v. Bergen Aviation</u>, 23 F.3d 948 (5th Cir. 1994).

7.  In its Motion to Stay, the Defendant argues that the federal and state proceedings involve identical facts and issues and therefore maintenance of the federal suit will result in piecemeal litigation, inconvenience to the parties and conflicting results. However, this is not true. The federal and state proceedings do **not** share identical facts and issues. Defendant's claims of piecemeal litigation, inconvenience and risk of contradictory outcomes are groundless.[3]

8.  The federal lawsuit concerns different parties, claims and facts. Plaintiff's state law claims for fraud, fraudulent inducement, misrepresentations, tortious interference with business relations, tortious interference with a contract, liable, slander and business disparagement were not brought in the state court counterclaim. Moreover, Plaintiff has brought **federal claims** that were not brought in the state court action.

9.  Specifically, the federal lawsuit stems from the fact that the City of Brownsville made representations that caused Plaintiff to purchase assets at a bankruptcy sale. Before the City of Brownsville became a landlord for Plaintiff, it was a creditor seeking to recover as much money as possible out of a bankruptcy estate. The City of Brownsville wanted Plaintiff to

---

[3] The federal lawsuit does concern *some* identical facts. However, the federal lawsuit encumbrances much broader facts than can be found in the state court proceeding.

purchase these assets so that the City of Brownsville would be able to recoup the losses it was owed by the bankrupt party. The City told Plaintiff that the City wanted to offer perks (tax breaks, lower rents, etc.) so as to keep the business located in Brownsville so more jobs would be created and so that the local economy would benefit. As a result of the City of Brownsville's representations, Maplex was the highest bidder at the bankruptcy estate sale. The fraud and misrepresentations occurred before the lease was ever executed (the lease is the basis for the state court action).

10. The Federal lawsuit also concerns events that transpired after the lease agreement had ended. After Plaintiff had been unlawfully evicted from the leased premises, the Plaintiff leased a warehouse to begin storing its property. In an attempt to continue to harass and retaliate against Plaintiff, the City of Brownsville told Plaintiff's new landlord that the warehouse storing the materials had been improperly zoned, and that Plaintiff should not be allowed to keep its materials at the new warehouse. The City of Brownsville threatened the new landlord with violations if it did not evict the Plaintiff.

11. The City of Brownsville next used its governmental powers to have the police department execute a search warrant and seize assets at Plaintiff's new location. The City of Brownsville seized at least two air-conditioning units that it knew belonged to Plaintiff. Rather than go to a judicial forum to determine ownership of these assets, the City of Brownsville used its governmental powers to improperly seize these assets.

12. Moreover, even if this Court assumes that the facts and issues involved are identical in both proceedings, which Plaintiff vigorously denies, the Defendant does not offer any evidence showing specifically how maintenance of the federal proceeding will inconvenience the parties. In Signad, Inc., the Fifth Circuit ruled that the fact the situs of the federal litigation was 18 miles from

5

where the dispute arose and the situs of the state action was 9.5 miles from where the dispute occurred was no ground for federal abstention. See, Signad, Inc. v. City of Sugar Land, 753 F.2d at 1339. In this case, the Federal Courthouse and the State Courthouse are located less than one mile apart.

13. According the Supreme Court, the priority factor should not be analyzed exclusively by which complaint was filed first, but rather by how much progress has been made in the two actions. See, Moses H. Cone Memo. Hosp. v. Mercury Constr. Corp., 460 U.S. at 21. Thus, in its motion, Defendant needed to offer (i) evidence showing where substantial progress has been made with respect to the state court proceeding, whether it be discovery, motions, etc., and (ii) evidence rebutting Maplex's claim to the contrary. In Signad, Inc., one of the Fifth Circuit's reasons for ruling against abstention was the fact that discovery was at a more advanced stage in the federal than in the state litigation. See, Signad, Inc. v. City of Sugar Land, 753 F.2d at 1339-40.

14. On page 3 of Defendant's motion, Defendant argues the following:

> Without question, the controlling issues in the Federal proceeding will be fully determined in the State proceeding. Maintenance of the Federal proceeding involving identical facts and issues will result in peace meal litigation, the waste of judicial resources, inconvenience to the parties and will risk conflicting results. The State Court has jurisdiction to hear each and every claim asserted by Maplex and the relief sought in each pleading is identical. The State Court is, therefore, fully capable of adequately protecting Maplex's rights. The earlier State proceeding has progressed significantly while activity in the Federal proceeding has been relatively negligible.

Defendant's arguments are wholly conclusory. Indeed, Defendant has presented this Court with no evidence to support its claims. Defendant claims that the earlier state proceeding has progressed significantly while activity in the federal proceeding has been relatively negligible. However, this is not true. Parties have exchange only written discovery in the state court proceeding. No depositions have been taken. No experts have been designated. No motions for summary judgment

have been filed. Consequently, Defendant cannot argue this as a basis to stay the federal lawsuit. Moreover, in this case, the parties have agreed to exchange initial disclosures in July of 2000. At that point, the progress in both lawsuits would be equal.

15. This Court should not stay the case due to "judicial efficiency." Plaintiff incorporates by reference its Response to Defendant's Motion to Dismiss. On the issue of piecemeal litigation, the Fifth Circuit adopted the Ninth Circuit's view that "piecemeal litigation and some duplication of judicial effort is the unavoidable price of preserving access to the federal relief which section 1983 assures." In this case, as seen below, Plaintiff has brought § 1983 claims.

16. In its Motion to Stay, Defendant does not address the fifth factor for determining the appropriateness of federal abstention, i.e., the fact that federal issues are involved in the present case. The Supreme Court stated that "[a]lthough in some circumstances the presence of state-law issues may weigh in favor of that surrender [of federal jurisdiction]…**the presence of federal law issues must always be a major consideration weighing against surrender**." Moses H. Cone Memo. Hosp. v. Mercury Constr. Corp., 460 U.S. at 25 (emphasis added). Moreover, in federal cases in which plaintiffs seek relief under 42 U.S.C. Section 1983, the Fifth Circuit has adopted the Ninth Circuit's view which holds that the "'unflagging obligation' of the federal courts to exercise the jurisdiction given them 'is particularly weighty'" in such cases. See, Signad, Inc. v. City of Sugar Land, 753 F.2d at 1339; see also, Eitel v. Holland, 798 F.2d at 816.

17. Plaintiff believes it will establish that employees of Defendant violated § 1983. Plaintiff believes that it will establish that Defendant interfered with its right to be in business. Defendant discriminated against Plaintiff by unfairly regulating and enforcing zoning laws.

Defendant also improperly used its police force in a private matter.[4] For example, the City of Brownsville used its own police officers to prevent Plaintiff from reentering leased premises when the City had neither filed a forcible entry and detainer action nor obtained a Writ of Possession. Defendant also used its police to detain individuals who were working with Plaintiff. Rather than using the civil judicial process, Defendant also used its police force to seize assets that the City knew belonged to Plaintiff. Plaintiff believes that discovery will further illuminate the § 1983 violations.

18. As seen by Exhibit "A", Defendant knew that Plaintiff would file suit in Federal Court. As a result of this, the City of Brownsville filed a lawsuit in the State Court. Maplex removed the proceeding to the Federal Court. Because the City of Brownsville had added a Texas resident, the cause was remanded back to the State Court. These facts show the City of Brownsville's intentional acts of trying to keep this proceeding out of Federal Court. Because Plaintiff has established jurisdiction and venue, this Court can adjudicate Plaintiff's claims against the City of Brownsville.

## CONCLUSION

19. This Court should not stay this Federal Court proceeding. The United States Supreme Court emphasizes that the pendency of an action in the State Court is no bar to proceedings concerning the same matter in the Federal Court, and that only the clearest justifications will warrant abstention. Moreover, the Fifth Circuit has held that cases in which plaintiffs seek relief under federal claims, the "unflagging obligation" of Federal Courts to hear

---

[4] Rather than obtain a writ of possession, the City used its own police officers to detain Plaintiff's workers and prohibit them from reentering the leased property.

these cases "is particularly weighty". Thus, Plaintiff requests that this Court deny Defendant's motion.

                              Respectfully submitted,

                              HIRSCH & WESTHEIMER, P.C.

                              By: _____
                              Eric Lipper
                              State Bar No. 12399000
                              Fed. ID. No. 11442
                              William P. Huttenbach
                              State Bar No. 24002330
                              Fed. ID. No. 21742

OF COUNSEL:                  25th Floor, Bank of America
                              700 Louisiana
HIRSCH & WESTHEIMER, P.C.      Houston, Texas 77002
                              TEL: 713/220-9181
                              FAX: 713/223-9319

                              LEAD COUNSEL FOR MAPLEX, S.A. DE C.V.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2000, a true and correct copy of Plaintiff's Response to Defendant's Motion to Stay was forwarded by telecopier to the following counsel of record:

                      Dalby Fleming
                      Davidson & Troilo
            7550 West IH-10, Suite 800
            San Antonio, Texas 78229-5815
            **Telecopier No. 210/349-0041**

                      J. Homer Garza
                The Garza Law Firm, P.C.
          1111 North Loop West, Suite 927
            Houston, Texas  77008-4716
            **Telecopier No. 713/880-9373**

                            _____
                            William P. Huttenbach