United States District Court
Southern District of Texas
FILED

JUN 1 5 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAPLEX, S.A. DE C.V. | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-032 |
| | § | JURY TRIAL REQUESTED |
| CITY OF BROWNSVILLE, | § | |
|     Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1.  State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

**RESPONSE:**

The meeting was held by telephone by agreement of the parties. The meeting occurred over several days in April and May, 2000. Mr. Dalby Fleming, Mr. Homer Garza and Mr. Pat Huttenbach attended the meetings for their respective parties.

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

**RESPONSE:**

No. 99-05-2468; *City of Brownsville v. Maplex S.A. De C.V. and Eagle Motor Coach Corp.*, 103rd Judicial District Court, Cameron County, Texas

3.  Specify the allegation of federal jurisdiction.

**RESPONSE:**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Specifically, diversity jurisdiction exists because Plaintiff has sued to recover damages in excess of $100,000.00 and complete diversity exists between the parties. Plaintiff also believes that this Court also has jurisdiction under the doctrine of Alienage Jurisdiction, as Plaintiff is a foreign corporation. Plaintiff also believes that this Court also has jurisdiction under § 1983 *et seq.*, which is a Federal statute for various civil rights violations. Defendant disagrees on the last

basis for jurisdiction as Defendant believes that Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

4.  Name the parties who disagree and the reasons.

**RESPONSE:**

    See Response to No. 3

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**RESPONSE:**

    None at this time.

6.  List anticipated interventions.

**RESPONSE:**

    See Response to No. 5.

7.  Describe class-action issues.

**RESPONSE:**

    None.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**RESPONSE:**

    The parties have agreed to file initial disclosures on or before July 21, 2000.

9.  Describe the proposed agreed discovery plan, including:

    A.    Responses to all the matters raised in Rule 26(f)

    B.    When and to whom the plaintiff anticipates it may send interrogatories.

    C.    When and to whom the defendant anticipates it may send interrogatories.

    D.    Of whom and by when the plaintiff anticipates taking oral depositions.

  E.  Of whom and by when the defendant anticipates taking oral depositions.

  F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

  G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) expert report.

  H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**RESPONSE:**

Parties have agreed to exchange written discovery. Each side believes it will take between six and ten depositions in this matter. The parties will decide what depositions are necessary after the exchange of initial disclosures. For discovery deadlines and designation of expert deadlines, please see the attached Proposed Scheduling Order.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**RESPONSE:**

The parties have agreed on a discovery plan. Please see the attached proposed Scheduling Order.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

**RESPONSE:**

None.

12. State the date the planned discovery can reasonably be completed.

**RESPONSE:**

March 26, 2001.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**RESPONSE:**

    Counsel has discussed settlement and no prompt resolution appears to be likely.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

**RESPONSE:**

    The parties have discussed settlement.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**RESPONSE:**

    Plaintiff has suggested mediation. Defendant has suggested arbitration. In either event, the parties have agreed that alternative dispute resolution may or may not be appropriate after discovery.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**RESPONSE:**

    Plaintiff is opposed to the use of a magistrate judge. Defendant is amenable to trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

**RESPONSE:**

    Plaintiff has timely made a jury demand.

18. Specify the number of hours it will take to present the evidence in this case.

**RESPONSE:**

    The parties agree that the trial will last three to four days.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**RESPONSE:**

Defendant's Motion to Dismiss or, in the alternative, for more Definite Statement and Defendant's Motion to Stay are presently before the Court and can be ruled on at the initial pretrial conference.

20. List other motions pending.

**RESPONSE:**

None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**RESPONSE:**

None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

**RESPONSE:**

Homer Garza
State Bar No. 07732000
The Garza Law Firm, P.C.
North Loop West, Suite 927
Houston, Texas 77008-4716
TEL: 713/880-9300
FAX: 713/880-9373

Co-Counsel for Plaintiff

Eric Lipper
State Bar No. 12399000
William P. Huttenbach
State Bar No. 24002330
Hirsch & Westheimer, P.C.
700 Louisiana, 25th Floor
Houston, Texas 77002
TEL: 713/220-9181
FAX: 713/223-9319

Lead Counsel for Plaintiff

Dalby Fleming
State Bar No. 00793732
Davidson & Troilo
7550 West IH-10, Suite 800
San Antonio, Texas 78229-5815
TEL: 210/349-6484
FAX: 210/349-0041

Counsel for Defendant

Respectfully submitted,

THE GARZA LAW FIRM, P.C.

By: _____
Homer Garza by permission WPH
Homer Garza
State Bar No. 07732000  Fed. I.D. # 80
North Loop West, Suite 927
Houston, Texas 77008-4716
TEL: 713/880-9300
FAX: 713/880-9373

COUNSEL FOR MAPLEX, S.A. DE C.V.


DAVIDSON & TROILO

By: _____
Dalby Fleming by permission WPH
Dalby Fleming
State Bar No. 00793732  Fed. I.D. 20358
7550 West IH-10, Suite 800
San Antonio, Texas 78229-5815
TEL: 210/349-6484
FAX: 210/349-0041

COUNSEL FOR CITY OF BROWNSVILLE

                    HIRSCH & WESTHEIMER, P.C.

By: *(signature: Will Hutt)*

                    Eric Lipper
                    State Bar No. 12399000
                    Fed. ID. No. 11442
                    William P. Huttenbach
                    State Bar No. 24002330
                    Fed. ID. No. 21742

OF COUNSEL:          25th Floor, Bank of America
                              700 Louisiana
HIRSCH & WESTHEIMER, P.C.    Houston, Texas 77002
                              TEL:  713/220-9181
                              FAX:  713/223-9319

                    LEAD COUNSEL FOR MAPLEX, S.A. DE C.V.