UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAPLEX, S.A. DE C.V. § | | |
|    Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. | |
| § | | |
| CITY OF BROWNSVILLE § | B-00-032 | |
|    Defendant. § | | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE**
**TO DEFENDANT'S MOTIONS FOR DISMISSAL**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COMES City of Brownsville, Plaintiff in the above case, and files this Reply to Plaintiff's Response to Defendant's Motion for Dismissal. This reply is based on arguments and authorities contained herein and upon papers, records and pleadings on file in the above case.

### I. PLAINTIFF'S CLAIM UNDER 42 U.S.C. § 1983

1. "Section 1983 'is not itself a source of substantive rights' but merely provides 'a method of vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 127 L.Ed.2d 114, 122 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144 (1979). "The first step in any claim under 42 U.S.C. § 1983 is to identify the specific constitutional right allegedly infringed." *Id.*, citing *Graham v. Connor*, 490 US 386, 394 (1989) and *Baker* at 140. In the case at bar, the Complaint does not identify any specific constitutional right allegedly infringed and none can be inferred from the pleading. In fact, the Complaint is deliberately vague on this issue, alleging only that Plaintiff is suing

"under 42 U.S.C. §1983 et seq. for various civil rights violations, including the right to be in business and discriminatory enforcement of zoning laws". The "right to be in business" is not a constitutionally secured right. Since infringement of a constitutionally secured right has not been alleged, no claim has been stated under 42 U.S.C. §1983 and dismissal is proper.

## II. GOVERNMENTAL IMMUNITY

2. Plaintiff asserts that its state law tort claims arise from Defendant's performance of proprietary functions. Plaintiff apparently does not dispute that such claims arising from Defendant's performance of governmental functions would be barred by the doctrine of governmental or sovereign immunity.

3. Plaintiff's assertion that the City of Brownsville was engaged in proprietary as opposed to governmental functions is erroneous as a matter of law. The building Plaintiff attempted to lease is part of Brownsville's airport complex and the transactions alleged in the Complaint are a part of airport operations. Under Texas law, the operation and maintenance of an airport is a governmental function. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(10) (Vernon 1997). Under Texas law, the exercise of police protection and control is a governmental function. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(1) (Vernon 1997). Plaintiff's state law claims of fraud, fraudulent inducement, misrepresentation, tortious inference with business relations, tortious inference with contract, libel, slander and business disparagement are, therefore, barred by the doctrine of sovereign or governmental immunity under the law of Texas.

### III. BREACH OF CONTRACT CLAIM

4. Plaintiff's Complaint does not plead facts sufficient to show that it is entitled to relief upon its breach of contract claim. The Court need not accept as true conclusionary allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F2d 1045, 10450 (5th Cir. 1982); *In re: Delorean Motor Co.*, 991 F2d 1236, 1240 (6th Cir. 1993); *Western Mining Council v. Watt*, 634 F2d 618, 624 (9th Cir. 1981). Plaintiff's breach of contract claim should therefore, be dismissed.

### IV. JUDICIAL EFFICIENCY

5. This proceeding and the parallel state court proceeding involve completely identical facts and issues as a result of the defenses and claims asserted in each proceeding. Plaintiff's rights will be fully protected by the state court. Plaintiff's Complaint should, therefore, be dismissed in order to avoid conflicting opinions and to promote judicial efficiency. See 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1360 at 441-443 (1990) (copy attached).

### V. EXEMPLARY DAMAGES

6. As Plaintiff's state law tort claims arise from Plaintiff's performance of governmental functions, Plaintiff's recovery of exemplary damages relating to such claims is naturally barred by the doctrine of governmental or sovereign immunity. The holdings in *City of Gladwater v. Pike* and *City of San Antonio v. Rodriguez* have no bearing on the case at bar as each case involves claims arising from the performance of functions deemed proprietary. *See City of Gladwater v. Pike*, 727 S.W.2d 514 (Tex.

3625.2 - pcd#80135                                               3

1987); *City of San Antonio v. Rodriguez*, 856 S.W.2d 552 (Tex. App. – San Antonio 1993, writ granted, order withdrawn; denied).

7. In regard to the recovery of exemplary damages under its "§1983 et. seq." claim, Plaintiff's characterization of the Supreme Court's holding in *City of Newport v. Fact Concerts, Inc.* is misguided and misleading. In *City of Newport*, the Court plainly states that "because that immunity is compatible with both the purposes of § 1983 and general principals of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. §1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Plaintiff's request for punitive or exemplary damages should, therefore, be dismissed.

WHEREFORE, Defendant prays that the Court dismiss this action because Plaintiff's Original Complaint fails to state a claim against Defendant upon which relief can be granted.

Respectfully submitted,

DAVIDSON & TROILO,
A Professional Corporation
7550 West IH-10, Suite 800
San Antonio, Texas  78229-5815
Telephone (210) 349-6484
Facsimile (210) 349-0041

By: _____
Dalby Fleming
State Bar No. 00793732
Fed. ID # 20358

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered to the following by facsimile transmission, regular mail and/or certified mail, return receipt requested, on this the ___13th___ day of June, 2000.

Mr. J. Homer Garza  
Attorney at Law  
1111 North Loop West, Suite 927  
Houston, Texas  77008-4716

**CERTIFIED MAIL-RRR**

Mr. William P. Huttenbach  
Hirsch & Westheimer, P. C.  
700 Louisiana Street, 25th Floor  
NationsBank Center  
Houston, Texas  77002

**CERTIFIED MAIL-RRR**

_____  
Dalby Fleming

conflicting opinions and to promote judicial efficiency.[28] Accordingly, the judge has extensive discretion in the framing of an order to achieve the court's goal and to protect the parties from any possible prejudicial effects that might result from a stay.[29] For example, in Boggess v. Columbian Rope Company,[30] the court granted defendant's motion to stay pending a trial of the issues in an action previously brought in the state court on the condition that plaintiff go forward with discovery under the federal rules and defendant consent to the use of the fruits of that discovery in the state action.

In addition to motions to stay, some courts also have allowed

**28. Court's objectives**

"This court is willing to give, so far as the Judges are concerned, the extra time that is necessary to try this patent case even though it is apt to be a very burdensome case, as counsel have suggested, and we are willing to do it; but I do not think that there is any reasonable basis for asking the Southern District of New York Judge, who would be sitting there, to try the case and ask that also from a Judge from Maryland. Either one or the other seems to me to be sufficient." International Nickel Co. v. Martin J. Barry, Inc., C.A.4th, 1953, 204 F.2d 583, 585, quoting from the district court's apparently unreported opinion.

Mottolese v. Kaufman, C.A.2d, 1949, 176 F.2d 301.

"The pendency of the same cause of action in a state court between the same parties is ordinarily not a ground for abating the action in the federal court. . . . It has been uniformly held, notwithstanding this consideration, that when the proceedings are in rem or quasi in rem the court first obtaining possession of the res should proceed to final judgment and that the court of concurrent jurisdiction should suspend proceedings and await the conclusion of the case in the court having actual or potential possession of the res." Butler v. Judge of U.S. Dist. Ct. in & for No. Dist. of California, C.A.9th, 1941, 116 F.2d 1013, 1015 (Wilbur, J.).

National Airmotive v. Government & State of Iran, D.C.D.C.1980, 491 F.Supp. 555, 556, citing Wright & Miller.

In P. Beiersdorf & Co. v. Duke Labs, Inc., D.C.N.Y.1950, 92 F.Supp. 287, affirmed C.A.2d, 1951, 187 F.2d 14, a trademark infringement action, the appellate court upheld the lower court's grant of a stay pending the determination of an earlier declaratory judgment action in the state court when the sole basis for granting that motion had been the crowded dockets in the district.

**29. Extensive discretion**

Chrysler Corp. v. Fedders Corp., D.C.N.J.1981, 519 F.Supp. 1252, citing Wright & Miller, vacated on other grounds C.A.3d, 1982, 670 F.2d 1316.

Adolph Coors Co. v. Davenport Mach. & Foundry Co., D.C.Colo.1981, 89 F.R.D. 148, 154, citing Wright & Miller.

**30. Boggess case**

D.C.N.Y.1958, 167 F.Supp. 854.

See also

In In the Matter of Standard Gas & Elec. Co., D.C.Del.1954, 16 F.R.D. 221, the court granted a motion to stay until administrative proceedings were completed and, at the behest of the attorneys, entered a protective order preserving the status quo of the earlier reservation of jurisdiction.

§ 1360 DEFENSES—OBJECTIONS—PRESENTATION    Ch.
Rule 12

motions to dismiss because of the pendency of a prior action, provided that an identity of issues exists and the controlling issue in the dismissed action will be determined in the other lawsuit. In most instances the courts do not base their power to entertain this type of motion on any specific rule, but, as in the case of the motion to stay, speak only of their desire to promote judicial efficiency and avoid conflicting opinions. These considerations were articulated by the court in Gentry v. Hibernia Bank [33] in the course of granting defendants' motion to dismiss:

> One of the precepts of the federal judicial system is to avoid the determination of constitutional questions by giving the courts of the states involved the opportunity to pass on the question. * * * It is customary in such instances to stay the federal proceeding until the state court has made its determination. * * * But that would be an idle act in this case. When the state court complaints are litigated all the matters in controversy now before the federal court can be fully adjudicated and the plea of res judicata could be imposed. * * * For this reason I believe that a dismissal of the causes of action and the complaint

**31. Motion to dismiss allowed**

Jones v. American Guild of Variety Artists, D.C.Pa.1961, 199 F.Supp. 840.

Gentry v. Hibernia Bank, D.C.Cal.1957, 152 F.Supp. 469.

New York Milk Shed Transp., Inc. v. Meyers, D.C.N.Y.1956, 144 F.Supp. 174.

Fireman's Fund Ins. Co. v. Hanley, D.C. Mich.1956, 140 F.Supp. 206, affirmed on other grounds C.A.6th, 1958, 252 F.2d 780.

Highway Ins. Underwriters v. Nichols, D.C.Okl.1949, 85 F.Supp. 527.

**See also**

Joseph v. Shell Oil Co., Del.Ch.1985, 498 A.2d 1117, 1122, **citing Wright & Miller.**

**See generally**

When two actions are commenced simultaneously, then both will be allowed to proceed, with the one that reaches judgment first becoming res judicata for the other. Highway Ins. Underwriters v. O'Neal, D.C.La.1950, 92 F.Supp. 423.

**32. Determination by other court**

Maryland Cas. Co. v. Consumers Fin. Serv., Inc., C.A.3d, 1938, 101 F.2d 514 (grant of motion to dismiss reversed).

A motion to dismiss a complaint by reason of the pendency of a similar action in a state court is addressed to the discretion of the federal district court, but jurisdiction should not be refused merely on the ground that another remedy is available or because another suit is pending if the controversy between the parties will not necessarily be determined therein. Highway Ins. Underwriters v. Nichols, D.C.Okl.1949, 85 F.Supp. 527.

In Veeder-Root, Inc. v. Henrietta, D.C. Conn.1943, 52 F.Supp. 918, the motion to dismiss on the ground of another action pending was denied because the main issue in the action before the federal court, the construction of a patent, could not be determined in the state court.

Mott v. City of Flora, D.C.Ill.1943, 3 F.R.D. 233.

**33. Gentry case**

D.C.Cal.1957, 152 F.Supp. 469.

is the more appropriate procedure.[34]

A few courts insist that inasmuch as the defense of other action pending is so closely linked to the res judicata doctrine it is actually an affirmative defense to be asserted in the answer and thus cannot be raised by a preliminary motion to dismiss.[35] But these decisions were rendered shortly after the adoption of the federal rules and plainly are inconsistent with the trend of decisions in recent years.[36]

Another illustration of a situation in which a motion to dismiss seems appropriate even though it is not expressly authorized by Rule 12(b), is when some remedy may be available to plaintiff but none should be granted by the federal court. For example, suppose that following the institution of a state court action defendant in that proceeding commences a federal court action asking for declaratory relief concerning the same transaction or event at issue in the state court action and an injunction against the state court plaintiff's prosecuting the original litigation. A motion to dismiss might well be appropriate on the grounds that (1) the federal court should decline to hear a declaratory judgment action inasmuch as all of the issues can be litigated in the state proceeding and (2) injunctive relief is barred by Section 2282 of the Judicial Code, which limits a federal court's ability to enjoin a state court action.

The particular rationale the court utilizes to justify hearing a motion that is not specifically authorized by Rule 12(b) or any other federal rule or statute largely determines which principles will govern the presentation and resolution of that motion. When the court treats the motion as having been brought under Rule 12(b), then it is subject to the rules and practices applicable to the most analogous Rule 12(b) motion. For example, if a defense of lack of capacity to sue is raised as a Rule 12(b)(6) motion, any other available Rule 12(b)(2) through Rule 12(b)(5) defense must be consolidated with it or the right to raise any of the omitted

---

**34. Quotation**

Id. at 472 (Hamlin, J.).

**35. Defense must be asserted in answer**

In Sproul v. Gambone, D.C.Pa.1940, 34 F.Supp. 441, 442, the court stated that "we are of the opinion that the pendency of another action is not a matter than [sic] can be raised by motion to dismiss * * *. See Rule 12(b). In our view, defense of a multiplicity of suits should be raised by answer." (Schoonmaker, J.)

Dirk Ter Haar v. Seaboard Oil Co., D.C. Cal.1940, 1 F.R.D. 598.

**36. Recent trend**

See vol. 5, § 1277, and § 1357 in this volume.

443