

United States District Court
Southern District of Texas
FILED

JUN 28 2000

Michael N. Milby, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Maplex, S.A. de C.V. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-00-32 |
| v. | § | |
| | § | |
| City of Brownsville, | § | |
| | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED, that on June 27, 2000, the Court **DENIED** the Defendant's Motion to Stay pursuant to Colorado River Abstention [Dkt. No. 7], and **DENIED IN PART** and **GRANTED IN PART** the Defendant's Motion to Dismiss, or, in the Alternative, for a More Definite Statement [Dkt. No. 5].

I.    **Facts alleged in the Plaintiff's complaint**

According to the Plaintiff, Maplex, S.A. de C.V. ("Maplex"), a Mexican corporation, the City of Brownsville made representations to induce the Plaintiff to purchase Eagle Motor Coach Corporation's ("Eagle") assets at a bankruptcy sale. Prior to its bankruptcy, Eagle had leased its place of business from the city. The city purportedly assured Maplex, among other statements, that it would charge it a low rent to lease Eagle's place of business if it purchased Eagle's assets. Maplex alleges that it submitted a high bid at the bankruptcy sale in reliance on the city's representations.

After Maplex bought Eagle's assets, the Parties entered into a letter agreement through which Maplex leased Eagle's former place of business for $75,000.00 for three months. At some point, the city attempted to raise the monthly rent to $35,000.00, despite the fact that Eagle had only paid $19,000.00 a month in rent. Because of the high rent demanded by the city, the Parties' negotiations broke down and Maplex vacated the premises. However, before Maplex could vacate the premises, the city's

CHJPDF - www.fasio.com

employees harassed Maplex and improperly seized its property.

Once Maplex transferred its assets to a new facility within Brownsville, city officials informed the owners of the facility that the city's zoning laws had changed and that Maplex could not use the premises as a place of business. Maplex alleges that the city's zoning laws had not changed and that the city's statements were false. Maplex was forced to move its equipment a second time because of the official's assertions.

## II.    Procedural History

The Defendant, the City of Brownsville, sued the Plaintiff, Maplex, S.A. de C.V., and Eagle Motor Coach Corporation, in the 103rd Judicial Court of Cameron County on May 28, 1999 for breach of a letter agreement, failure to pay rent, and property damage. Maplex removed the state court lawsuit to this Court on July 22, 1999 [Civil Action No. B-99-122], and alleged that this Court had diversity subject matter jurisdiction. This Court remanded the case on January 24, 2000, because Eagle and the City of Brownsville are citizens of the same state, and the Court consequently did not have diversity jurisdiction.

Maplex subsequently filed this lawsuit on February 22, 2000 against the City of Brownsville. Both cases – the current lawsuit and the state court lawsuit that was remanded by this Court – arise out of the relationship forged between the city and Maplex when Maplex bought Eagle's assets at the bankruptcy sale. The facts of the two lawsuits overlap significantly, but are not identical. In addition, while the state court lawsuit involves only state law causes of action, Maplex alleges that the city violated its constitutional rights in the case currently before the Court.

## III.    Colorado River Abstention

The Defendant, the City of Brownsville, argues that this Court should invoke the Colorado River abstention doctrine to stay this case in favor of the substantially similar state court action involving both the Plaintiff and the Defendant. The city alleges that maintaining this proceeding will result in piecemeal litigation, a waste of judicial resources, inconvenience to the Parties, and the possibility of conflicting judgments.

2

The Plaintiff, Maplex, on the other hand, asserts that the Court should not stay this lawsuit because the state court proceeding includes a third party, Eagle Motor Coach Corporation, the facts of the two cases are substantially different, this case involves federal civil rights allegations, and the factors to be considered in deciding whether to apply Colorado River Abstention weigh in favor of allowing this case to continue.

Federal courts have a "virtually unflagging obligation" to hear cases over which they have jurisdiction.  Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 737 (5th Cir. 1999) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).).  Therefore, federal courts may only decline to exercise jurisdiction because of parallel state court litigation in "extraordinary and narrow" circumstances.  Id. at 737-38 (citing Colorado River, 424 U.S. at 813.).  See also Edwin Chemerinsky, FEDERAL JURISDICTION § 14.2 (3rd ed. 1999).

The Supreme Court has identified a list of factors to aid federal courts in reaching a principled decision on whether extraordinary circumstances exist that warrant staying or dismissing a case because of parallel state court litigation.  See e.g. Wilton v. Seven Falls Co., 515 U.S. 277, 285-86 (1995);  Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 13-16, 18-27 (1983); Colorado River, 424 U.S. at 817-823.   The Supreme Court began developing these factors in its Colorado River Water Conservation District v. United States opinion, hence abstention in favor of a parallel state court case is called "Colorado River Abstention."  While the Supreme Court has developed a test for Colorado River Abstention, it has repeatedly emphasized, along with the courts of the Fifth Circuit, that the test's factors are not meant to be applied as a "mechanical checklist," that the factors included in the test are not exclusive, and that the balance heavily weighs in favor of exercising jurisdiction. See e.g. Moses H. Cone, 460 U.S. at 15-16; Murphy, 168 F.3d at 737; St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590 (5th Cir.1994).   The test should "be applied in a pragmatic, flexible manner with a view to the realities of the case at hand."  Moses H. Cone, 460 U.S. at 21.

The factors to be weighed in deciding whether to abstain are: "(1) assumption by either court of jurisdiction over a res;  (2) the relative inconvenience of the forums;  (3)

3

the avoidance of piecemeal litigation;  (4) the order in which jurisdiction was obtained by the concurrent forums;  (5) whether and to what extent federal law provides the rules of decision on the merits;  and, (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction."  Murphy, 168 F.3d at 738.  The Court will review each of these factors in turn in light of their relative importance, their explanation and application by courts of the Fifth Circuit, and the facts and procedural posture of this case and the similar state court proceeding.

A.    Assumption by either court of jurisdiction over a res

Maplex seeks to recover property from the city through both a counterclaim in the state court lawsuit [Dkt. No. 7, Exh. A, p. 4] and a claim in the case currently before this Court.   Since the state court lawsuit was filed first, the 103rd Judicial Court of Cameron County first assumed jurisdiction over the property.  However, the fact that the state court lawsuit was filed first does not weigh heavily in favor of abstention.  The ruling of either court – whether it be this Court or the 103rd Judicial Court of Cameron County –  on the right to possess the property in dispute will be binding on the other court.  This is not the unique situation contemplated by the Supreme Court in Colorado River.  In that case, the Supreme Court held that the state court's jurisdiction over water rights weighed heavily in favor of abstention because water rights are highly interdependent and parallel litigation ran a significant risk of inconsistent disposition of property.  See Colorado River, 424 U.S. at 818-19.

B.    The relative inconvenience of the forums

The 103rd Judicial Court of Cameron County and the United States District Court for the Southern District of Texas are both located within the same county in Texas.  The Fifth Circuit has ruled that in instances where the respective courthouses are close to one another, this factor weighs against abstention.  See Murphy, 168 F.3d at 738.

C.    The avoidance of piecemeal litigation

Precedent has clarified the distinction between "piecemeal" and "parallel"

4

litigation.  See Murphy, 168 F.3d at 738; Evanston Ins. Co. v. Jimco, Inc, 844 F.2d 1185, 1192 (5ᵗʰ Cir. 1988).  If a case involves the same parties and issues it is "parallel" and not "piecemeal."  This distinction is significant because "[t]he prevention of duplicative [or parallel] litigation is not a factor to be considered in an abstention determination."  Evanston Ins. Co., 844 F.2d at 1192.

In this case, Eagle is a party in the state court lawsuit, and is not a party to this proceeding.  However, the basic dispute in both lawsuits is between Maplex and the City of Brownsville.  Eagle was not a nominal party or fraudulently joined when the state court lawsuit was removed, but its role in the state court lawsuit is minor.  In addition, the Fifth Circuit has remarked that "piecemeal litigation and some duplication of judicial effort is the unavoidable price of preserving access to the federal relief which section 1983 assures."  Signad, Inc. v. City of Sugar Land, 753 F.2d 1338, 1340 (5ᵗʰ Cir. 1985).  Since Maplex has asserted a § 1983 claim against the city, and the two lawsuits are almost parallel, this factor is neutral, and does not weigh in favor of abstention.

D.    The order in which jurisdiction was obtained by the concurrent forums

This factor is only truly significant when more progress has been made in one of the parallel lawsuits.  See Murphy, 168 F.3d at 738.  Maplex has stated that the parties have exchanged written discovery in the state court lawsuit, but no experts have been designated, and no dispositive motions have been filed [Dkt. No. 10, p. 6-7].  The fact that little progress has been made in the state court lawsuit makes sense given that the it was removed approximately two months after it was filed, and it was remanded approximately one month before Maplex filed suit in federal court.  Clearly the state court lawsuit is further along than this case, however, the Court finds the difference to be relatively small, and hence, this factor weighs only faintly in favor of abstention.

E.    Whether and to what extent federal law provides the rules of decision on the merits

"[T]he presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]," but only in rare circumstances will the

5

presence of state law issues weigh in favor of abstention. <u>Moses H. Cone</u>, 460 U.S. at 26. <u>See</u> <u>also</u> <u>Murphy</u>, 168 F.3d at 739; <u>St. Paul Ins. Co.</u>, 39 F.3d at 590. The presence of federal issues is especially important when the federal lawsuit involves claims alleged under 42 U.S.C. § 1983. "[T]he unflagging obligation of the federal courts to exercise the jurisdiction given them is particularly weighty when those seeking a hearing in federal court are asserting their right to relief under 42 U.S.C. § 1983." <u>Signad, Inc.</u>, 753 at 1340 (citations omitted). <u>See</u> <u>also</u> <u>Alacare, Inc.-North v. Baggiano</u>, 785 F.2d 963, 969 (11th Cir. 1986); <u>Tovar v. Billmeyer</u>, 609 F.2d 1291, 1293 (9th Cir. 1980). Therefore, the fact that the majority of Maplex's claims in this case are based on state law is insignificant in light of the fact that it has asserted a civil rights claim under § 1983 against the City of Brownsville.[1]

F.   <u>The adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction</u>

The 103rd Judicial Court of Cameron County is undoubtedly capable of justly adjudicating Maplex's federal civil rights and state law claims. However, this factor can only weigh against abstention, or, as in this case, be a neutral factor. <u>See</u> <u>Murphy</u>, 168 F.3d at 739.

G.   <u>Summary</u>

In conclusion, since the balance is tipped heavily toward exercising jurisdiction, the fact that the state court proceeding has made slightly more progress is insignificant. <u>See</u> <u>Murphy</u>, 168 F.3d at 739. On the other hand, the fact that Maplex has alleged a

---

[1] The Fifth Circuit has applied Colorado River Abstention in one case that involved a § 1983 claim. <u>See</u> <u>Eitel v. Holland</u>, 798 F.2d 815, 817 (5th Cir. 1986). However, <u>Eitel</u>, is clearly distinguishable from the present case. In <u>Eitel</u>, the plaintiff brought civil rights action against the judge who presided over a state court tort case and two attorneys who represented the defendants in that case. The plaintiff alleged that the judge and defense attorneys had conspired to deprive him of his due process right to a fair trial. Since the state court case had not been tried before the federal § 1983 case was filed, the plaintiff's due process claims were speculative. <u>See</u> <u>Eitel</u>, 798 F.2d at 817-18. In comparison, Maplex's § 1983 claim is not speculative, and it does not depend on the outcome of the pending state court lawsuit.

6

facially valid civil rights claim under 42 U.S.C. § 1983 weighs heavily in favor of exercising jurisdiction.  See Signad, Inc., 753 at 1340.  The Supreme Court has emphasized "that our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction."  Moses H. Cone, 460 U.S. at 25-26 (emphasis omitted).  Instead, "the task is to ascertain whether there exist 'exceptional' circumstances, the clearest of justifications, that can suffice under Colorado River to justify the surrender of that jurisdiction."  Id.  The Court therefore **DENIES** the Defendant's Motion to Stay pursuant to Colorado River Abstention [Dkt. No. 7].

IV.   **Defendant's Motion to Dismiss, and in the Alternative for a More Definite Statement**

The Defendant, the City of Brownsville, alleges that the Plaintiff, Maplex, S.A. de C.V., fails to state a claim upon which relief can be granted for breach of contract or under 42 U.S.C. § 1983.  In the alternative, the city asserts that Maplex's complaint is insufficiently specific as to the aforementioned claims.  In addition, the city asserts that Maplex's state law claims are barred by sovereign immunity, and that it cannot recover punitive damages under either § 1983 or state law.

A.   Standard for Deciding a Motion to Dismiss

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must accept all well-pleaded facts as true, and construe them in favor of the plaintiff.  See Conley v. Gibson, 335 U.S. 41, 45-46 (1957); Petta v. Rivera, 143 F.3d 895, 897 (5th Cir. 1998); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).  The plaintiff is only required to plead sufficient information to outline the elements of his or her cause of action or to permit reasonable inferences to be drawn that these elements exist.  See General Star Indemnity, Co. v. Vesta Fire Ins., Corp., 173 F.3d 946, 950 (5th Cir. 1999); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).  See also  5 C. WRIGHT & C. MILLER, FEDERAL PRACTICE & PROCEDURE § 1216 (2d ed.1990).  In other words, the complaint must simply provide the opposing party with fair notice of the plaintiff's  claim

7

and the grounds upon which it is based.  See Conley, 355 U.S. at 47.  The Supreme

Court has stated, and the Fifth Circuit has repeatedly cited "the accepted rule that a

complaint should not be dismissed for failure to state a claim unless it appears beyond

a doubt that the plaintiff can prove no set of facts in support of his claim that would

entitle him to relief."  Walker v. South Bell Central, 904 F.2d 275, 276 (5th Cir. 1990)

(citing Conley, 355 U.S. at 45-46.).  See also Davis v. Monroe County Brd. of

Education, 526 U.S. 629, 653 (1999); Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir.

2000); Tuchman, 14 F.3d at 1067; Mahone v. Addicks Utility Dist. of Harris County, 836

F.2d 921, 926 (5th Cir. 1988).  Ambiguities or doubts regarding the sufficiency of the

claim must be resolved in favor of the plaintiff in order "to do substantial justice."  Fed R.

Civ. Pr. 8(f).  See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.

1993).

While the law disfavors motions to dismiss for failure to state a claim, there are of

course situations in which a complaint should and must be dismissed.  See Mahone,

836 F.2d at 926; Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986).  The

Court cannot allow a complaint to survive if it only alleges legal conclusions, or is

devoid of any factual allegations.  See Fernandez-Montes, 987 F.2d at 284; Walker,

904 F.2d at 277.   In addition, if the face of the complaint demonstrates that the

plaintiff's claim is barred by an affirmative defense, or if no reasonable inference can be

made on an element, the plaintiff cannot proceed.  See Blackburn v. City of Marshall,

Tex., 42 F.3d 925, 931 (5th Cir. 1995).

B.     Standard for Deciding a Motion for a More Definite Statement

Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain

statement of the claim showing that the plaintiff is entitled to relief.   Pursuant to Rule

8(a), a complaint will be deemed inadequate only if it fails to: (1) provide notice of

circumstances which give rise to the claim, or (2) set forth sufficient information to

outline the elements of the claim or permit inferences to be drawn that these elements

8

exist.  See General Star Indemnity, Co. v. Vesta Fire Ins., Corp., 173 F.3d 946, 950 (5th Cir.1999).   A complaint, which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice.  See Walker v. South Cent. Bell Tel. Co., 904 F.2d, 275, 277 (5th Cir.1990).   If a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," Federal Rule of Civil Procedure 12(e) allows a defendant to make a motion for a more definite statement.

C.     Breach of Contract

        Maplex's complaint is insufficiently specific as to its breach of contract claim.  It is not clear from the complaint whether Maplex is asserting a breach of the Parties' letter agreement or an oral contract, and which facts support its cause of action.  Therefore, the Court **GRANTS** the city's motion for a more definite statement, and **ORDERS** Maplex to clarify its pleading by July 7, 2000.  If a more specific pleading is not filed, the Court will dismiss Maplex's breach of contract claim sua sponte.  The city's motion to dismiss Maplex's breach of contract claim is **MOOT** in light of the fact that the Court has granted its motion for a more definite statement.

D.     Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983

        The Plaintiff, Maplex, asserts that the City of Brownsville violated its equal protection rights through "discriminatory enforcement of its zoning laws" [Dkt. No. 1, p. 4].  The Equal Protection Clause of the Fourteenth Amendment forbids the state from denying "any person within its jurisdiction" the equal protection of its laws.  It is well-settled that a foreign corporation, lawfully doing business within a state, is within the jurisdiction of a state for purposes of the Equal Protection Clause.  In addition, a foreign corporation has equal protection rights if its lawsuit arises from assets it lawfully owns within the state.  See Western & S. Life Ins. Co. v. State Bd. Of Equalization of California, 451 U.S. 648, 656 (1981); Kentucky Finance Corp. v. Paramount Auto Exchange Corp., 262 U.S. 544 (1923); Pembina Mining Co. v. Pennsylvania, 125 U.S. 181, 188 (1888).  Therefore, the Defendant's motion to dismiss, and, in the alternative,

9

motion for a more definite statement are **DENIED** as to the Plaintiff's equal protection claim asserted under 42 U.S.C. § 1983.

E.    Additional Civil Rights Violations Alleged under 42 U.S.C. § 1983

Maplex's complaint states a valid equal protection claim under 42 U.S.C. § 1983, but then goes on to allege a claim for "for various civil rights violations, including the right to be in business" [Dkt. No. 1, p. 4]. This statement is not sufficiently specific to put the Defendant on notice of the basis for additional § 1983 claims, even when read in conjunction with the rest of the complaint. Therefore, the city's motion for a more definite statement is **GRANTED** as to all constitutional claims alleged under 42 U.S.C. § 1983, except Maplex's equal protection claim for discriminatory enforcement of the city's zoning laws. Maplex is **ORDERED** to replead and clarify any additional claims alleged under 42 U.S.C. § 1983 by July 7, 2000 or the Court will dismiss any such claims sua sponte. Since the Court has granted the city's motion for a more definite statement, the city's motion to dismiss Maplex's additional 42 U.S.C. § 1983 claims is **MOOT**.

F.    Sovereign Immunity

The facts pled in Maplex's complaint, indicate that the City of Brownsville acted as a landlord in renting the facilities underlying the current dispute. Municipalities enjoy sovereign immunity when they exercise governmental functions, however, they are liable for their proprietary functions. See Tex.Civ.Prac. & Rem.Code § 101.0215 (Vernon 1999). Common sense mandates that acting as a landlord is a proprietary function, and not an exercise of governmental powers, and the city has not provided any authority to the contrary. See e.g. City of Houston v. Southwest Concrete Const., Inc., 835 S.W.2d 728, 730-33 (Tex.App.-Hous. [14 Dist.] 1992) (discussing the distinction between governmental and proprietary functions). Since the Court must accept the Plaintiff's factual allegations as true when considering a motion to dismiss, the city's motion is **DENIED** as to its claim of sovereign immunity.

G.    Punitive Damages

The Defendant claims that the Plaintiff cannot obtain an award of punitive damages against it under either federal or state law because it is a governmental entity. The Plaintiff cannot recover punitive damages against the city under 42 U.S.C. § 1983 as a matter of law. See Kentucky v Graham, 473 U.S. 159, 167 n.13 (1985).  However, if the Plaintiff proves that the Defendant was acting in a proprietary, and not a governmental capacity, it may recover punitive damages against the city if it proves intentional, willful or grossly negligent conduct.  See City of San Antonio v. Rodriguez, 856 S.W.2d 552, 555 (Tex.App.-San Antonio 1993).  Therefore, the Defendant's motion is **GRANTED** in that the Plaintiff cannot recover punitive damages against the Defendant under federal law, and **DENIED** in that the Plaintiff may be able to recover punitive damages against the Defendant under state law principles.

I.    **Summary of the Court's Rulings**

In conclusion, the Court has made the following rulings on the Defendant's Motion to Stay pursuant to Colorado River Abstention [Dkt. No. 7], and the Defendant's Motion to Dismiss, or, in the Alternative, for a More Definite Statement [Dkt. No. 5]:

(1)    the Defendant's Motion to Stay pursuant to Colorado River Abstention [Dkt. No. 7] is **DENIED**;

(2)    the Defendant's Motion for a More Definite Statement is **GRANTED** as to the Plaintiff's breach of contract claim.  The Defendant's Motion to Dismiss this claim is therefore **MOOT**.  The Plaintiff is **ORDERED** to replead and clarify its cause of action by July 7, 2000 or the Court will dismiss its claim sua sponte;

(3)    the Defendant's Motion to Dismiss, or, in the Alternative, for a More Definite Statement is **DENIED** as to the Plaintiff's 42 U.S.C. § 1983 claim that the Defendant violated the Equal Protection Clause of the Fourteenth

11

Amendment;

(4)     the Defendant's Motion for a More Definite Statement is **GRANTED** as to
the Plaintiff's 42 U.S.C. § 1983 claim "for various civil rights violations,
including the right to be in business" [Dkt. No. 1, p. 4].  The Defendant's
Motion to Dismiss this claim is therefore **MOOT**.  The Plaintiff is
**ORDERED** to replead and clarify its cause(s) of action by July 7, 2000 or
the Court will dismiss any such claim(s) sua sponte;

(5)     The Defendant's Motion to Dismiss the Plaintiff's state law causes of
action because of sovereign immunity is **DENIED**; and,

(6)     The Defendant's Motion to Dismiss Plaintiff's claim for punitive damages
is **GRANTED** as to the Plaintiff's 42 U.S.C. § 1983 claim(s), and **DENIED**
as to the Plaintiff's state law claims.

DONE at Brownsville, Texas, this _____ day of June 2000.

_____

Hilda G. Tagle
United States District Judge

12