United States District Court
Southern District of Texas
FILED

AUG 3 0 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAPLEX, S.A., DE C.V. | § § § | |
| VS. | § § § | CIVIL ACTION NO. B-00-032<br>(JURY TRIAL REQUESTED |
| CITY OF BROWNSVILLE | § § | |

**DEFENDANT CITY OF BROWNSVILLE'S ORIGINAL ANSWER
TO MAPLEX, S.A. DE C.V. SECOND AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, CITY OF BROWNSVILLE, Defendant and files this, its Original Answer to Plaintiff's Second Amended Complaint and in support thereof would show this court as follows;

1) Defendant City of Brownsville admits the statements made in paragraph one (1) of Plaintiff's Second Amended Complaint.

2) Defendant Brownsville admits the allegations in paragraph two (2) of Plaintiff's Complaint that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) and that this court has subject matter jurisdiction over claims made pursuant to 42 U.S.C. § 1983. Defendant denies the truth of those allegations.

3) Defendant admits the allegations set forth in paragraph three (3) of Plaintiff's Second Amended Complaint.

4) Defendant admits the allegations set forth in paragraph four (4) of Plaintiff's Complaint that venue is proper in the Souther District of Texas. Defendant denies that it committed any improper actions in the Southern District of Texas as alleged. Defendant has insufficient information to admit or deny what "assets" Plaintiff is referring to as purchased at a bankruptcy sale.

5) Defendant admits the allegations in paragraph five (5) of Plaintiff's Amended Complaint that it has answered and appeared in this action. Defendant denies that service on Dalby Fleming is the same as serving the City of Brownsville.

6) Defendant admits the allegations in paragraph six (6) of Plaintiff's Second Amended Complaint that Defendant had at one time leased the premises in question. Defendant denies all other allegations set forth in paragraph six (6) of Plaintiff's Complaint.

7) Defendant City of Brownsville denies the allegations set forth in paragraph seven (7), eight (8), nine (9), and ten (10) of Plaintiff's Second Amended Complaint.

8) Defendant City of Brownsville denies the allegations set forth in paragraph 11 and 12 of Plaintiff's Second Amended Complaint.

9) Defendant City of Brownsville denies the allegations set forth in paragraph 13, 14, 15, and 16 of Plaintiff's Second Amended Complaint.

10) Defendant City of Brownsville denies the allegations set forth in paragraph 17, 18, 19, 20, 21, 22, and 23, of Plaintiff's Second Amended Complaint.

## AFFIRMATIVE DEFENSES

11) Defendant City of Brownsville has governmental immunity from liability and suit. Defendant is also specifically immune from claims for punitive damages.

12) Plaintiff Maplex S.A De C.V. has no standing to complain of any alleged violation of the civil rights of any third party.

13) Defendant City of Brownsville is a Texas Municipality, and has governmental immunity from liability and suit which immunity has not been waived by the Texas Tort Claim Act. Tex. Civ. Prac. & Rem. Code § 101. et seq.

14) Defendant City of Brownsville would state it may not be liable in tort to a greater extent than provided by the Texas Tort Claims Act, as set forth in Tex. Civ. Prac. & Rem. Code § 101.023 and § 101.024.

(15) Defendant City of Brownsville show it has governmental immunity from claims based on intentional tort. Tex. Civ. Prac. & Rem. Code § 101.057.

16) In the alternative, without waving the foregoing, Defendant would show Plaintiff's claims are barred by fraud in the inducement because Plaintiff misrepresented facts to Defendants and Defendant entered into an agreements with Plaintiff based on those false and fraudulent representations.

17) In the alternative, without waving the foregoing, Defendants asserts the affirmative defense of accord and satisfaction as Defendants were released from any claims as alleged by the Plaintiff by written agreement.

18) In the alternative, without waving the foregoing, Defendants would show that the damages, if any, allegedly sustained by the Plaintiff were caused, in whole or in part, by the Plaintiff's intentional acts and/or negligence, or the intent acts and/ or negligence of others for whom Defendants are not responsible.

19) In the alternative, without waving the foregoing, Defendant specifically deny that their conduct related to the transactions made the basis of this lawsuit was negligent, malicious, or wrongful such as to entitle the Plaintiff to recover exemplary or punitive damages.

20) In the alternative, without waving the foregoing, Defendants would show that the Plaintiff has failed to mitigate its damages as it is required to do by law but instead has deliberately taken actions to enhance its damages and has failed to mitigate them.

21) In the alternative, without waving the foregoing, Defendants would show that the Plaintiffs claims are barred by the statute of frauds and\or the parol evidence rule.

22) In the alternative, without waving the foregoing, Defendants would show that they have not breached any agreement with the Plaintiff. In fact, at all times material hereto, Defendants' conduct was consistent with any contract between parties.

23) In the alternative, without waving the foregoing, Defendants would show that the Plaintiff's claims are barred pursuant to the doctrine of laches and/or unclean hands.

24) In the alternative, without waving the foregoing, Defendant would show that Plaintiffs were trespassing and the damage to the premises in question has caused by Plaintiffs and/or Plaintiffs agents.

25) In the alternative, without waving the foregoing, Brownsville would allege as defenses, breach of contract and anticipatory breach of contract.

26) In the alternative, without waving the foregoing, Brownsville would allege failure of consideration.

26) Defendant City of Brownsville demand a trial by jury.

Signed on the 30th day of August, 2000.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone:   (956) 541-1846
Facsimile:   (956) 541-1893

By: _____
Mark Sossi
State Bar No. 18855680
USDC No. 10231

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, has been sent to the following via U.S. Mail, return receipt requested, on the 30th day of August, 2000.

Mr. Eric Lipper
HIRSCH & WESTHEIMER, P.C.
25th Floor, Bank of America Center
700 Louisiana
Houston, Texas 77002

Mr. Dalby Fleming
Law Offices of Davidson & Troilo
7550 West IH 10, Suite 800
San Antonio, Texas 78229-5815

_____
Mark Sossi

5