United States District Court
Southern District of Texas
FILED

FEB 2 3 2001

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAPLEX, S.A., DE C.V. | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-032 |
| | § | (JURY TRIAL REQUESTED |
| CITY OF BROWNSVILLE | § | |
| | § | |

## DEFENDANT CITY OF BROWNSVILLE'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND SUPPORTING MOTION OF POINTS AND AUTHORITIES

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE;

COMES NOW, Defendant CITY OF BROWNSVILLE and files this, its Motion to Dismiss Pursuant to FRCP 12(b)(6) and Supporting Memorandum of Points and Authorities, as to plaintiffs claims under 42 U.S.C. §1983 only, and in support of this motion would show this Honorable Court as follows;

1) For the purpose of this motion to dismiss only, Defendant Brownsville will accept the following facts, taken from plaintiffs Second Amended Petition as true; The plaintiff Maplex S.A. De CV claims that during a period of time, that Defendant Brownsville leased industrial space at the Port of Brownsville to Eagle Coach Corporation, an unrelated entity which subsequently filed bankruptcy. Plaintiff claims that Brownsville officials made oral representations to Maplex S.A. De CV, and on the basis of those representations, Maplex purchased assets at a bankruptcy sale. These specific representations allegedly involved the amount of rent which Brownsville might be willing to charge Maplex for the lease of the Eagle Facility if Maplex was willing to resume operations there. Maplex claims that in reliance on these oral representations that it did two things;(a) it took possession of the leased space that Brownsville had been leasing to Eagle Manufacturing and (b) it bid on two air conditioner units at Eagles Bankruptcy sale which it claims

CHIPDF - www.foxiio.com

were owned by Eagle Coach and were located on the leased premises. Maplex claims that contrary to these "oral representations" regarding the rate of rental payments, Brownsville later twice raised the rent. Maplex was unwilling or unable to pay the increased rent and requested a "reasonable time to vacate the premises." Maplex does not state in its petition that it had actually *payed* the required rent to Brownsville nor does it state for what amount of time that it was unable or unwilling to pay the rent. However, Plaintiff Maplex does state that Defendant that Maplex requested "two months" to vacate the premises. Maplex does not identify what contractual provision or statute gave it a right to a two month hiatus in its legal obligation as a tenant. Plaintiff Maplex claims that sometime thereafter, Brownsville used its officers to keep Maplex from reentering the premises. Maplex also claims that police officers detained an employee named Olga Diaz, searched her vehicle and took possession of her car. Maplex claims that Brownsville police followed Olga Diaz and pulled her over and requested that she return to the "Eagle Manufacturing" premises where they searched her vehicle. The plaintiffs also claim that officers of the City of Brownsville seized two air conditioner units which Maplex concede in their petition matched the serial numbers on a search warrant which had been issued by an unnamed magistrate.

2) The Plaintiff Maplex has alleged five distinct ways in which Brownsville violated Maplex, S.A., DE C.V. civil rights and for which they sue under 42 U.S.C. §1983 for "various" civil rights violations including depriving plaintiff of its property rights without due process of law, the right to be in business and discriminatory enforcement of zoning laws. The plaintiff sets forth five factual claims in support of these allegations;

   (i)    "The City of Brownsville used its governmental powers to "promise benefits" upon plaintiff if plaintiff purchased assets at a bankruptcy sale. However, Defendant Brownsville never produced the "benefits".

   (ii)    "The City of Brownsville used its governmental powers to improperly evict plaintiff from a leased premises without first obtaining a writ of possession or filing a forcible

CVAPDF - www.fesico.com

entry and detainer action.   Plaintiff claims this violated Maplex 14th amendment rights because it deprived Maplex of life, liberty or property without due process of law."

"Defendant improperly detained people (Olga Diaz) who were working for Plaintiff"

(iv)   "Defendant discriminatorily enforced zoning laws by notifying a warehouse where Maplex was storing its possessions that plaintiff would not be allowed to store its assets at the warehouse due to "zoning violations" and that this interfered with Maplex property interest in the new location."

(v)   "That Brownsville improperly seized assets belonging to the plaintiff. The plaintiff claims that Police Officers of the City of Brownsville seized two air conditioner units which serial numbers matched the serial numbers on a search warrant.

(3) Defendant Brownsville moves for judgement pursuant to FRCP 12(b)(6) because Plaintiffs have failed to state a valid cause of action against the City of Brownsville under 42 U.S.C. §1983.  What plaintiff appears to allege appears to be more akin to a breach of contract claim in which Brownsville and Plaintiff Maplex had a disagreement. Not every breach of contract claim with a governmental entity arises to the level of a claim under 42 U.S.C. §1983. Defendant Brownsville would specifically address each of plaintiffs claims stated above and show this Honorable Court how none of them states a claim against Brownsville under 42 U.S.C. §1983.

(4) First, the plaintiff has failed to state in his petition how Brownsville may be liable for the acts of its police officers under 42 U.S.C. §1983.   The United States Supreme Court has specifically rejected the notion that a municipality may be liable under 42 U.S.C. §1983  for the acts of its officers under *respondeat superior* theory.    In order for the plaintiff to state a cause of action against the City of Brownsville it must show how its constitutional rights were violated by an official policy, practice or custom of Brownsville which had the force of law. ***Monell v. New York City Dept. of Social Servs.,*** 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978).  A local government is responsible under  § 1983 "when execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

represent official policy, inflicts the injury...." Id. at 694, 98 S.Ct. at 2037. A local government may not be held liable under 42 U.S.C. §1983 for the unconstitutional acts of its non-policymaking employees--i.e., Brownsville's liability may not rest on a theory of respondeat superior. Id. at 691, 98 S.Ct. at 2036. The plaintiff has failed to set forth even minimal facts which put Brownsville on notice how it could be liable to the plaintiff under 42 U.S.C. §1983. The plaintiff has made two claims under the Fourth Amendment to the United States Constitution which relate to this issue. First, the plaintiff states that *"Defendant improperly detained people who were working for Defendant"* . Second, the plaintiff claims *"That Brownsville improperly seized assets belonging to the plaintiff."*

5)    **Maplex lacks Standing to Sue for Violations of its employee's Fourth Amendment Rights**

The Plaintiff Maplex sets forth in its petition how Brownsville Police officers stopped, detained and searched Olga Diaz. The plaintiff claims that this search of Olga Diaz was wrongful and violated the Fourth Amendment. The proper party to assert a violation of Olga Diaz rights under the Fourth Amendment of the Constitution is Olga Diaz. The Fourth Amendment which gives Olga Diaz the right to be free from unreasonable searches and seizures is a personal right which cannot be asserted vicariously. ***Rakas v. Illinois***, 439 U.S. 128, 133-34, 99 S.Ct. 421, 425-26, 58 L.Ed.2d 387 (1978). 928 F.2d 697, ***San Jacinto Sav. & Loan v. Kacal, (***C.A.5 (Tex.) 1991). Maplex has no standing to challenge any search of Olga Diaz car because it has no legitimate expectation of privacy in Olga Diaz car.. See ***Rawlings v. Kentucky***, 448 U.S. 98, 100 S.Ct. 2556, 2562, 65 L.Ed.2d 633 (1980). (a party has no standing to sue under § 1983 for a violation of the fourth amendment rights of others). The fact that Maplex personal property may have become the "target" of the search of Ms. Diaz automobile is irrelevant. ***Rakas v. Illinois,*** 439 U.S. 128, 99 S.Ct. 421,

426-27, 58 L.Ed.2d 387 (1978). Similarly, Brownsville police officers did not intrude on Maplex

legitimate expectations of privacy in entering property belonging to Brownsville after the end of the

lease agreement  and hence there could have been  no violation of the Fourth Amendment's

restrictions. *Illinois v. Andreas*, 463 U.S. 765, 103 S.Ct. 3319, 3323, 77 L.Ed.2d 1003 (1983).

Maplex complaint fails to state any  viable claim that the entry of Brownsville's Offices on to

Brownsville's own  property violated Maplex  rights.  Maplex's leaving it's  property at

Brownsville's Port in which it had been leasing space, but had not paid rent in two months, is akin

to leaving it in plain view in a public place.  *United States v. Jackson*, 585 F.2d 653, 658 (4th

Cir.1978); *United States v. Lisk*, 522 F.2d 228, 230 (7th Cir.1975), cert. denied,  423 U.S. 1078,

96 S.Ct. 865, 47 L.Ed.2d 89 (1976). Under the Texas Property Code the landowner has the right to

enter even a leased premises where rent as not been paid.  A Texas landlord also has the right to

enter a premises and to lock a tenant out for failing to pay the rent.  There is no statutory duty which

requires a landlord give a tenant two months to look for another place to lease, and even if there was

a contracted or statutory right, this is not the same thing as a constitutionally protected property right.

      **6)**      **The Plaintiff has not stated a Cause of Action Against the City of Brownsville under the Fourth Amendment simply because its officers executed a search warrant for property which was accurately described in the warrant.**

The plaintiff also states that the City of Brownsville is liable under the Fourth Amendment

because Brownsville Police Officers, acting pursuant to a search warrant, seized two air conditioner

units.  The plaintiff also states that the serial numbers of the air conditioner units *matched* the serial

numbers on the warrant.  The plaintiff has failed to state a cause of action against the City of

Brownsville under 42 $U.S.C. 1983.  All the plaintiff has stated is that City of Brownsville officers,

acting pursuant to a presumably lawful warrant seized property which matched the items described

in that warrant.  The plaintiff does not state how  that warrant was invalid or how  improper

information was intentionally provided to the magistrate who issued the warrant. The plaintiff does not allege how any person with final policymaking authority committed any act which violated Maplex rights under the Fourth Amendment. In order to show the warrants are invalid, Maplex must state that Brownsville knowingly provided false information to secure the arrest warrants or gave false information in reckless disregard of the truth. See *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Maplex must also show that no reasonably competent officer acting as the affiant on whom the warrant was based, possessing the information that each officer had at the time he swore his affidavit would have concluded that a warrant should not issue. ***Malley v. Briggs***, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). In determining the validity of a warrant the court must look to the totality of circumstances in making this decision. See *Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Even if officers of reasonable competence could disagree on this issue, the Brownsville' s officers would still be entitled to qualified immunity. *Malley,* 475 U.S. at 341, 106 S.Ct. 1092. The plaintiffs petition simply states that Brownsville police officers acting on a warrant seized two air conditioner units which had serial numbers which matched the serial numbers described in the warrant. Maplex has failed to articulate a claim against the City of Brownsville based on its officers executing a presumptively valid warrant. Maplex again fails to set forth facts how any policymaker or policy of Brownsville caused Maplex's Constitutional rights to be violated so as to be actionable under 42 U.S.C. § 1983.

7) Defendant Maplex also claims that Brownsville violated its rights under the Fourteenth Amendment of the United States Constitution by promising to use its governmental powers to confer "benefits" upon plaintiff if plaintiff purchased assets at a bankruptcy sale and that Brownsville never produced the "benefits"". The plaintiff also claims that Brownsville used its

governmental powers to improperly evict plaintiff from a leased premises without first obtaining writ of possession or filing a forcible entry and detainer action. Plaintiff claims this violated Maplex rights under the Fourteenth Amendment of the United States Constitution. The Fourteenth Amendment guarantees that individuals are not to be deprived of their property without due process of law, a protection that has been viewed as guaranteeing procedural due process and substantive due process. Procedural due process promotes fairness in government decisions "[b]y requiring the government to follow appropriate procedures when its agents decide to 'deprive any person of life, liberty, or property.' *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Substantive due process, "by barring certain government actions regardless of the fairness of the procedures used to implement them, serves to prevent governmental power from being 'used for purposes of oppression.' "Id. (quoting *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. (18 How.) 272, 15 L.Ed. 372 (1856)). The Equal Protection Clause protects individuals from governmental action that works to treat similarly situated individuals differently. See *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985); *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir.1996); *Samaad v. City of Dallas*, 940 F.2d 925, 941 (5th Cir.1991). While Maplex may have alleged certain State procedures were not followed, this is not the same as establishing a violation of a constitution protected property right.

**(8)    The Plaintiff has not alleged how it has a property right in premises owned by the City of Brownsville**

The plaintiff Maplex alleges in their petition that a Brownsville official promised that if they moved into the "Eagle Manufacturing" premises as tenants, that Brownsville would give them a "good deal" on the lease. The plaintiff then states in their petition that this "good deal" never materialized and that after they began leasing the premises from Brownsville, that Brownsville raised the rent on them twice. The plaintiffs then concede that they told Brownsville that they were moving

out of the facility and requested two months to do it.  Plaintiff does not set forth any property right to occupy Brownsville's premises for those two months. The Fifth Circuit has held that where there is no property interest, there can be no violation of either procedural or substantive due process. See . *Levitt v. University of Texas at El Paso* 759 F.2d 1224, , (5th Cir. 1985) citing *Jeffries v. Turkey Run Consolidated School Dist.*, 492 F.2d 1, 3-4 (7th Cir.1974) (Stevens, J.)  (where teacher had no property interest sufficient to trigger the protections of procedural due process, it was unnecessary to determine whether the school district acted arbitrarily or capriciously in dismissing the teacher, because "[c]ertainly the constitutional right to 'substantive' due process is no greater than the right to procedural due process.")  Maplex petition fails to state how they had a property right in continual possession of what they admit to be property owned by the City of Brownsville. If Maplex has a remedy, which Defendant readily disputes,  it must lie under state law  and not under 42 U.S.C. §1983.

9) The plaintiff has also alleged that Brownsville discriminatorily enforced its zoning laws by notifying a warehouse where Maplex was storing its possessions that the plaintiff would not be allowed to store its assets in the warehouse due to zoning violations.  Maplex lacks standing that any ordinance of the city of Brownsville is unconstitutional because it admittedly did not own this property either.  A taking may be shown if a zoning ordinance does not substantially advance legitimate state interests or denies an owner economically viable use of his land.  *Agins v. City of Tiburon*, 447 U.S. 255, 261, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980).  Maplex has not alleged that Brownsville's zoning ordinance did not forward a legitimate governmental interest. Furthermore, Maplex has failed to show how Brownsville's enforcement of the zoning ordinance sufficiently intruded upon Maplex  economically viable use of the warehouse, (which Maplex concedes did not belong to it) so as to  constitute a "taking."   The Fifth Amendment prohibition

against taking without compensation does not guarantee the most profitable use of property, *Goldblatt v. Town of Hempstead*, 369 U.S. 590, 592, 82 S.Ct. 987, 989, 8 L.Ed.2d 130 (1962), and a diminution in value, standing alone, does not establish a taking. *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 131, 98 S.Ct. 2646, 2663, 57 L.Ed.2d 631 (1978).  The taking issue in these contexts is resolved by focusing on the uses the regulations permit. Id. at 131, 98 S.Ct. at 2663. *Jackson Court Condominiums, Inc. v. City of New Orleans* 874 F.2d 1070 (5th Cir. 1989).  The plaintiff  states that Brownsville "discriminated" against it by enforcing its lawful zoning ordinances in regard to property which it did not own.  The plaintiff has set forth no facts how Brownsville has a policy of discriminating in applying its zoning ordinances or how any such unconstitutional policy, custom or practice caused Maplex rights to be violated. Plaintiff has again totally failed to articulate a valid cause of action under 42 U.S.C. $1983 against the City of Brownsville.

Wherefore the Defendant Brownsville, respectfully prays that this Honorable Court grant this motion to dismiss plaintiffs complaint pursuant to FRCP 12 (b)(6).

Signed on the *23* day of _Februy._, 2001.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone:     (956) 541-1846
Facsimile:     (956) 541-1893

By: _____
Mark Sossi
State Bar No. 18855680
USDC No. 10231

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, has been sent to the following Via U.S. Certified Mail, return receipt requested, on the _23_ day of _Febuary._ _, 2001.

Mr. Eric Lipper
HIRSCH & WESTHEIMER, P.C.
25th Floor, Bank of America Center
700 Louisiana
Houston, Texas 77002

Mr. Dalby Fleming
LAW OFFICES OF DAVIDSON & TROILO
7550 West IH 10, Suite 800
San Antonio, Texas 78229-5815

Mark Sossi

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MAPLEX, S.A., DE C.V.** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-00-032** |
| | § | **(JURY TRIAL REQUESTED** |
| **CITY OF BROWNSVILLE** | § | |
| | § | |

## ORDER SETTING HEARING ON DEFENDANT CITY OF BROWNSVILLE'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND SUPPORTING MOTION OF POINTS AND AUTHORITIES

On this the _____ day of _____, 2001, came on to be considered

Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6) and Supporting Motion of Points and

Authorities in the above styled and numbered cause of action. The Court having considered same

is of the opinion that a hearing should be held thereon.

IT IS, THEREFORE, ORDERED that a hearing on said Motion is hereby set for the _____

day of _____, 2001, at _____ o'clock, _____.m.

SIGNED this _____ day of _____, 2001.

_____
JUDGE PRESIDING

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **MAPLEX, S.A., DE C.V.** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-00-032** |
| | § | **(JURY TRIAL REQUESTED** |
| **CITY OF BROWNSVILLE** | § | |
| | § | |

## ORDER GRANTING DEFENDANT CITY OF BROWNSVILLE'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND SUPPORTING MOTION OF POINTS AND AUTHORITIES

On the _____ day of _____, 2001, came on before the Court  Defendant's

Motion to Dismiss Pursuant to FRCP 12(b)(6) and Supporting Motion of Points and Authorities.

After reviewing the evidence before the Court, the Court is of the opinion that Defendant's

Motion to Dismiss Pursuant to FRCP 12(b)(6) and Supporting Motion of Points and Authorities

should be GRANTED.

IT IS THEREFORE ORDERED, that Defendant's Motion to Dismiss Pursuant to 12(b)(6)

and Supporting Motion of Points and Authorities is hereby GRANTED.

Signed on this _____ day of _____, 2001.


_____
JUDGE PRESIDING