UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 29 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MAPLEX, S.A., DE C.V. | § |
| | § |
| | § |
| VS. | § CIVIL ACTION NO. B-00-032 |
| | § (JURY TRIAL REQUESTED |
| CITY OF BROWNSVILLE | § |
| | § |

**DEFENDANT CITY OF BROWNSVILLE STIPULATION TO DISMISSAL OF PLAINTIFFS CLAIMS AND RESPONSE TO OLGA DIAZ AND OSVALDO VERASTEGUI'S MOTION FOR LEAVE TO FILE PETITION IN INTERVENTION**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE;

Comes Now, Defendant City of Brownsville, Texas and files this, their signed stipulation of dismissal of plaintiffs claims against the City of Brownsville and their response to Olga Diaz and Osvaldo Verastegui Motion for Leave to File Petition in Intervention and in support thereof would show this Honorable Court as follows;

1) Plaintiff Maplex SA de CV, a Mexican corporation, filed suit in the United States District Court, against the City of Brownsville, claiming its civil rights were violated when the City allegedly evicted Maplex from commercial property which Maplex was leasing at the Port of Brownsville. On April 30, 2001, the Plaintiffs filed a motion for voluntary dismissal without prejudice of their claims against the City. On May 3, 2001, this Honorable Court ruled that the plaintiffs notice of voluntary dismissal without prejudice would be denied unless a stipulation of dismissal signed by the Defendant was tendered to the Court. The Defendant, City of Brownsville would offer this signed stipulation of dismissal as to Maplex claims against the City of Brownsville, Texas pursuant to FRCP 41(a)(1)(ii).

1

2) Defendant The City of Brownsville would advise the Court that it is opposed to the intervention of Olga Diaz and Osvaldo Verastegui. First, Intervenors have not only sought to intervene in this action but have also sought to join Daniel T. Weber as a new defendant in this action. Defendant would draw notice to the fact that although Mr. Weber is named as a defendant in the plea in intervention, Mr. Weber was never sued by Maplex SA de CV in either the Original or the First Amended Petition. The deadline for joinder of new parties has expired and this matter is not properly before the court because Plaintiff has not even requested leave of court to join Daniel T. Weber in this action.

3) Defendant Brownsville is also opposed to the intervention of Olga Diaz and Osvaldo Verastegui because neither of these individuals has an interest in the subject matter of litigation between Maplex SA de CV and the City of Brownsville. Plaintiff Maplex SA de C.V. filed suit against the City of Brownsville claiming that the City had violated its federally guaranteed Civil rights Diaz and Verastegui seek to intervene in this action pursuant to FRCP 24(a) as a matter of right because Intervenors claim an interest "relating to the property or transaction which is the subject matter of this action." However, neither Olga Diaz or Osvaldo Verastegui have any interest at all in whether or not the Maplex SA de CV civil rights were or were not violated. If Diaz and Verastegui wish to file suit against the City for violation of their own individual civil rights, they need to do so in their own separate actions and not intervene in an action they have no interest in.

4) Defendant Brownsville is also opposed to this Petition in Intervention because it is not timely. Both intervenors have failed to meet their obligation to timely intervene. Under FRCP 42 , there are four factors which are considered in determining whether application for intervention as of right is timely: (1) the length of time during which would-be intervener actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene,

2

(2) extent of the prejudice that existing parties to the litigation may suffer as a result of would-be intervener's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case, (3) extent of the prejudice that would-be intervener may suffer if intervention is denied, and (4) existence of unusual circumstances mitigating either for or against a determination that the application is timely. Fed.Rules Civ.Proc.Rule 24(a)(2), See also *Ford v. City of Huntsville* 2001 WL 114193,, (C.A.5 (Tex.) 2001). In this case both Mrs. Diaz and Osvaldo Verastegui have been aware of this suit since the time it was filed and could have chosen to have intervened at any time. However, Mr. Verastegui and Olga Diaz waited over one year to file their plea in intervention.

Wherefore, Defendant City of Brownsville requests that this Honorable Court deny this Plea in Intervention and grant plaintiffs motion for nonsuit.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone:   (956) 541-1846
Facsimile:   (956) 541-1893

By: _____
    Mark Sossi
    State Bar No. 18855680
    USDC No. 10231

3

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has on this the _____ day of May, 2001, been forwarded to:

Mr. Jose R. Lopez, II
Mr. J. Homer Garza
The Garza Law Firm, P.C.
1111 North Loop West, Suite 927
Houston, Texas 77008-4716

Mr. Dalby Fleming
Law Offices of Davidson & Troilo
7550 West IH 10, Suite 800
San Antonio, Texas 78229-5815

_____
Mark Sossi

4