36

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 26 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Maplex, S.A. de C.V. | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-00-32 |
| v. | § | |
| City of Brownsville, | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED, that on June 22, 2001, the Court **RULED** that the Defendant City of Brownsville's Stipulation to Dismissal of Plaintiffs' Claims [Dkt. No. 35] is defective and **STRUCK** Olga Diaz and Osvaldo Verastegui's Motion for Leave to File Petition in Intervention [Dkt. No. 32] and Complainants' Petition in Intervention [Dkt. No. 33].

For the Parties to obtain the voluntary dismissal of lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) they must "file a stipulation of dismissal signed by all parties who have appeared in the action." The Plaintiff filed a Notice of Dismissal [Dkt. No. 29] on May 2, 2001 that did not contain the signature of the Defendant or a certificate of conference. The Court issued an order on May 3, 2001 informing Plaintiff's counsel that his notice was defective because it did not comply with Federal Rule of Civil Procedure 41(a)(1) [Dkt. No. 30]. Thereafter on May 29, 2001, the Defendant filed its Stipulation to Dismissal of Plaintiffs' Claims [Dkt. No. 35]. The Defendant's stipulation did not contain a certificate of conference or the signature of Plaintiff's counsel. If the Parties wish to obtain the dismissal of this case they must submit a stipulation that complies with all applicable procedural rules. Specifically, the stipulation must be signed by **both** counsel for the Plaintiff and the Defendant and state whether they agree to dismissal with or without prejudice. If the Parties wish to obtain the voluntary dismissal of this lawsuit, a proper stipulation of dismissal must be submitted by July 6, 2001.

1

The Court struck Olga Diaz and Osvaldo Verastegui's Motion for Leave to File Petition in Intervention [Dkt. No. 32] because it does not contain a certificate of conference as required by the Local Rules and this Court's Chamber Rules. Furthermore, the motion does not clearly identify whether the movants are seeking intervention as of right or permissive intervention pursuant to Federal Rule of Civil Procedure 24, the relationship between the movants and the Parties in this case, or the reason why the movants should be allowed to intervene at the eve of trial long after the October 13, 2000 [Dkt. No. 17] scheduling order deadline for adding additional parties. If Olga Diaz and Osvaldo Verastegui wish the Court to consider their intervention in this lawsuit, they must file a proper motion by July 6, 2001.

The deadlines contained in this order will be strictly enforced.

DONE at Brownsville, Texas, this 25th day of June 2001.

Hilda G. Tagle
United States District Judge

2