H̶

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**United States District Court**
**Southern District of Texas**
**FILED**

| | | |
|---|---|---|
| MAPLEX, S.A. DE C.V. | § | **SEP 1 3 2001** |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. **Michael N. Milby** |
| vs. | § | **Clerk of Court** |
| | § | B-00-032 |
| | § | |
| CITY OF BROWNSVILLE | § | |
| Defendants | § | |

## JOINT PRE-TRIAL ORDER

### A. Appearance of Counsel

The parties herein to this cause of action are Maplex, S.A. DE C. V. , Plaintiff, Olga Diaz and Osvaldo Verastegui, Intervenors, and City of Brownsville, Defendants.

Jose R. Lopez II
3336 Richmond, Suite 100
Houston, Texas 77098
(713) 624-1070 phone
(713) 394-9555 facsimile

Mark Sossi
Willette & Guerra, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
(956) 541-1846 phone
(956) 541-1893 facsimile

### B. Statement of Case

City of Brownsville alleges there exists only one (1) contract for the premises in question. The City also argues that Brownsville made repeated attempts to get Maplex to remove itself from the premises or pay additional rent. The City does agree with the proposition that the letter agreement provided that in the event that a leave could not be negotiated and Maplex was somehow unable to complete moving out of the premises by October 13, 1998, then Brownsville agreed to consider such additional time as necessary for Maplex to completely vacate the premises at the rental rate of $25,000.00 per month will be assessed.

CitPDF - www.fwsio.com

Plaintiff alleges in a letter dated October 26, 1998 from Daniel Weber, an agent of Brownsville was a response to ongoing negotiations between the parties. Mr. Weber, representing Brownsville, indicated that he would be invoicing the Maplex for November Rent. This does indeed give rise to the issue of whether or not, as Defendant's indicate that Maplex was required to vacate in October of 1998.

In December of 1998, Mr. Weber continued to acknowledge that Brownsville extend the terms of the original contract. In February 1999, Brownsville unequivocally stated that they were continuing the rental at $25,000.00" as negotiation was being continued. Brownsville went further to state that **... the $25,000.00 rental amount was continued until February 1, 1999.**

From the facts as noted above there was an implied extension of time. Even in the absence of some express agreement to extend the time to negotiate a lease or to move out, an extension of time for performance may be implied. The City **did not** demand that Maplex move out in October and was still negotiating with them after October 1. This action impliedly waived the negotiation deadline or the move out deadline.

Further the City then sought to enforce the contract and so used it police force in trespassing and forcing Plaintiff to vacate the premises.

## C.  Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Specifically, diversity jurisdiction exists because of Plaintiff has sued to recover damages in excess of $100,000.00 and complete diversity exists between the parties.

This court also has jurisdiction under the doctrine of Alienage Jurisdiction, as Plaintiff is a foreign corporation. This court also has jurisdiction under § 1983 *et seq.*, chich is a Federal Statute for various civil rights violations.

## D.  Motions

None

## E.  . Contentions of the Parties

Plaintiff, Maplex, S.A. De C. V. alleges that Defendant, City of Brownsville has violated Plaintiff, Maplex, S.A. De C. V. civil rights and they sue under 42 U.S. C. § 1983 for various civil rights violations including depriving Plaintiff of its property rights without due process of law, the right to be in business and discriminatory enforecement of zoning laws.

CV&PDF - www.lexio.com

(a)     The Defendant, City of Brownsville used its governmental powers to "promise benefits" upon Plaintiff if plaintiff purchased assets at a bankruptcy sale. Defendant, City of Brownsville never produced benefits.

(b)     The Defendant, City of Brownsville used its governmental powers to improperly evict Plaintiff from a leased premises without first obtaining a writ of possession or filing a forcible entry and detainer action.  Plaintiff alleges that this act violated Maplex's 4th Amendment rights because it deprived Maplex of life , liberty and property without due process of law.

(c)     Plaintiff alleges that Defendant discriminatorily enforced its zoning laws by notifying a warehouse where Maplex was storing its possessions that Plaintiff would not be allowed to store its assets at the warehouse due to "zoning violations" and that this interfered with Mayplex property interest in the new location.

(d)     Plaintiff alleges that Defendant improperly seized assets belonging to the Plaintiff.  The Plaintiff alleges that police officers of the City of Brownsville seized two air conditioner units which serial numbers matched serial numbers on a search warrant.

(e)     Plaintiff alleges that Defendant breached its contract with Plaintiff.

### F.  Admissions of Fact

None.

### G.  Contested Issues of Fact

None.

### H.  Agreed Applicable Propositions of Law

U. S. Law.

### I.   Contested Issues of Law

None

### J.   Exhibits

Will Supplement.

### K.  Witnesses

Please refer to the attached Witness List indicated as Exhibit "1".

## L.  Settlement

Mediation has been attempted.

## M. Trial

Two days.

## N.  Attachments

Will supplement.

SIGNED on _____, 200__.

_____
U.S. DISTRICT JUDGE

APPROVED & ENTRY REQUESTED:

_____
Jose R. Lopez II
Attorney in Charge for Plaintiff

_____
Mark Sossi
Attorney in Charge for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| MAPLEX, S.A. DE C.V. | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | B-00-032 |
| | § | |
| CITY OF BROWNSVILLE | § | |
| Defendants | § | |

## PLAINTIFF, MAPLEX, S.A. DE C.V. WITNESS LIST

| Witness Name and Address | Nature of Testimony | Live / Deposition |
|---|---|---|
| Homer Garza<br>1111 North Loop West, Suite 927<br>Houston, Texas 77008 | Reasonable and necessary attorney's fees incurred in this matter | Live |
| Daniel T. Weber<br>700 S. Minnesota Avenue<br>Brownsville, Texas 78521 | Director of Aviation for the City of Brownsville, and has general knowledge regarding lawsuit | Deposition |
| Carlos Rubenstein<br>City Manager<br>P.O. Box 911<br>Brownsville, Texas 78522 | City Manager for the City of Brownsville and has general knowledge regarding the lawsuit | Deposition |
| Henry Gonzales<br>Mayor of Brownsville<br>P.O. Box 911<br>Brownsville, Texas 78522 | Mayor of the City of Brownsville at the time when this lawsuit was brought and has general knowledge regarding the lawsuit | Deposition |
| J. G. Warburton<br>City Attorney<br>P.O. Box 911<br>Brownsville, Texas 78522 | City Attorney for City of Brownsville and has general knowledge regarding the lawsuit | Deposition |
| Julio Garcia<br>1859 E. 7th Street<br>Brownsville, Texas 78522 | President of Eagle Motor Coach Corporation | Deposition |
| Dan Cedars<br>Valley Wide Security<br>1154 Pasadero Drive<br>Brownsville, Texas 78522 | Mr. Cedars did some contract work for Eagle Coach Corporation and is now an investigator for Wide Security | Deposition |

| | | |
|---|---|---|
| Mary Medellin<br>Valley Wide Security<br>1154 Pasadero Drive<br>Brownsville, Texas 78522 | Ms. Madellin did a walk through with Mr. Cedars when hazardous material was noticed. | Deposition |
| Tracey Odem<br>Valley Solvents & Chemicals<br>1 1/2 Mile Highway, Suite 107<br>Combes, Texas 78535 | Mr. Odem has general knowledge regarding the hazardous material in the facility | Deposition |
| Olga Diaz<br>1859 E. 7th Street<br>Brownsville, Texas 78521 | Contracted to complete work for Eagle Motor Coach Corporation and has knowledge of the alleged issues | Live |
| Osvaldo Verastegui<br>1859 E. 7th Street<br>Brownsville, Texas 78521 | Contracted to complete work for Eagle Motor Coach Corporation and has knowledge of the alleged issues | Live |
| Luis Barba<br>3629 Rey David Drive<br>Brownsville, Texas 78521 | Contracted to complete work for Eagle Motor Coach Corporation and has knowledge of the alleged issues | Live |
| Danny Cisneros<br>3071 Rene Drive<br>Brownsville, Texas 78521 | Contracted to complete work for Eagle Motor Coach Corporation and has knowledge of the alleged issues | Deposition |
| Auturo Medellin<br>6912 Laguana Madre<br>Brownsville, Texas 78521 | Contracted to complete work for Eagle Motor Coach Corporation and has knowledge of the alleged issues | Deposition |
| John C. Reed<br>Assistant Director of Aviation<br>City of Brownsville<br>700 S. Minnesota Ave<br>Brownsville, Texas 78521 | Assitant Director of Aviation and has knowledge regardign this lawsuit | Deposition |
| Investigator Orlando Rodriguez and other unknown investigators<br>City of Brownsville<br>Brownsville Police Department<br>600 East Jackson<br>Brownsville, Texas 78520 | May have knowledge regarding the events of August 3, 1999 | Deposition |

| | | |
|---|---|---|
| Inges Andres De Antonio<br>112 Flecha Lane, Unit B<br>R. M.r. Industrial III<br>Laredo, Texas 78041 | May have knowledge of negotiations pertaining to Maplex occupancy of the facility | Deposition |
| Dr. Jose F. Gary Garcia<br>112 Flecha Lane, Unit B<br>R. M.r. Industrial III<br>Laredo, Texas 78041 | May have knowledge of negotiations pertaining to Maplex occupancy of the facility | Deposition |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |