

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 26 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **MAPLEX, S.A., DE C.V.** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-00-032** |
| | § | **(JURY TRIAL REQUESTED)** |
| **CITY OF BROWNSVILLE** | § | |
| | § | |

# JOINT PRE-TRIAL ORDER

The parties to the above cause through their respective counsel of record, enter into the following Joint Pretrial Order.

## I.
## APPEARANCE OF COUNSEL

Jose R. Lopez, II
3336 Richmond, Suite 100
Houston, Texas 77098
(713) 624-1070
(713) 394-9555

Mark Sossi
WILLETTE & GUERRA, L.L.P.
International Plaza
3505 Boca Chica Blvd., Suite 460
Brownsville, Texas 78521
(956) 541-1846
(956) 541-1893

## II.
## STATEMENT OF THE CASE

Maplex SA DE CV is a Mexican Corporation. Maplex SA DE CV claims that in 1998 it entered into negotiations with the City of Brownsville for use of a facility at Brownsville's Airport for the purpose of manufacturing buses and bus parts. Maplex SA DE CV claims that the City of

Brownsville breached their contracts and agreements with Maplex and used their police powers to wrongfully force them out of business. Maplex has brought suit against the City of Brownsville under 42 U.S.C. §1983, for breach of contract and for intentional tort.

The City of Brownsville states the only agreement it had with Maplex SA DE CV permitted use of Brownsville's Airport for three months or until October 31, 1998. Maplex and or/its affiliated corporation failed to leave the premises on October 31, 1998, as agreed and failed to begin to move off the premises as agreed. Maplex stayed on the premises until May 5, 1999, when it voluntarily left the premises because it could not afford to pay the rent. The City of Brownsville denies that it ever breached any contract with Maplex SA DE CV and denies that it wrongfully took action to violate that corporation's civil rights.

## III.
## JURISDICTION

The United States District Court has jurisdiction because Maplex SA DE CV is a foreign corporation organized and doing business under the laws of Mexico. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

The United States District Court also has jurisdiction because Maplex SA DE CV has brought suit under 42 U.S.C. §1983 and federal question jurisdiction exists pursuant to 28 U.S.C. §1443.

## IV.

## MOTIONS

The following motions are pending with the United States District Court;

a) Defendant City of Brownsville's Motion to dismiss pursuant to FRCP 12(b)(6).

b) Defendant City of Brownsville's Motion for leave.



ClibPDF - www.fastio.com

c) Defendant City of Brownsville's Motion for summary judgement and sanctions

V.
**CONTENTIONS OF THE PARTIES**

I. PLAINTIFF'S CONTENTIONS

Plaintiff, Maplex, S.A. De C.V. alleges that Defendant, City of Brownsville has violated Plaintiff, Maplex, S.A. De C.V. civil rights and they sue under 42 U.S.C. § 1983 for various civil rights violations including depriving Plaintiff of its property rights without due process of law, the right to be in business and discriminatory enforcement of zoning laws.

a. The Defendant City of Brownsville used its governmental powers to "promise benefits" upon Plaintiff if plaintiff purchased assets at a bankruptcy sale. Defendant, City of Brownsville never produced benefits.

b. The Defendant City of Brownsville used its governmental powers to improperly evict Plaintiff from a leased premises without first obtaining a writ of possession of filing a forcible entry and detainer action. Plaintiff alleges that this act violated Maplex's 4th Amendment rights because it deprived Maplex of life, liberty and property without due process of law.

c. Plaintiff alleges that Defendant discriminatorily enforced it's zoning laws by notifying a warehouse where Maplex was storing its possessions that Plaintiff would not be allowed to store its assets at the warehouse due to "zoning violations" and that this interfered with Maplex property interest in the new location.

d. Plaintiff alleges that Defendant improperly seized assets belonging to the Plaintiff. The Plaintiff alleges that police officers of the City of Brownsville seized two air conditioners units which serial numbers matched serial numbers on a search warrant.

e. Plaintiff alleges that Defendant breached its contract with Plaintiff.

f. Maplex contends that Defendant, City of Brownsville, used its police force to oust Plaintiffs from the premises.

g. Maplex contends that Defendant, City of Brownsville, breached its agreement by using its police force to trespass on the premises during the leasehold period.

h. Plaintiff contends that City of Brownsville, entered into a written agreement with Maplex regarding the leasing of the premises.

i. Plaintiff contends that Brownsville's police officers came upon the premises leased by Maplex prior to October 31, 1998.



ClibPDF - www.fastio.com

j. Plaintiff contends that City of Brownsville entered upon the premises prior to May 5, 1999 with members of its police force.

II DEFENDANT CITY OF BROWNSVILLE'S CONTENTIONS

1) The City of Brownsville contends that the only contractual agreement it believed that it had with Maplex SA DE CV was the letter agreement dated April 26th, 1998. The City of Brownsville denies that it ever breached this agreement. Brownsville further states that it fully preformed its obligations under the agreement.

2) The City of Brownsville contends that Maplex SA DE CV has admitted through the discovery process that it never signed this agreement and furthermore, that Julio Garcia was never the president, director, or employee that had authority to bind Maplex at the time he signed the July 28, 1998 agreement for Maplex The City of Brownsville contends that Maplex SA DE CV is estopped from claiming a property interest in or damages arising from a contract which it denies signing in the first place.

3) The City of Brownsville contends that Maplex SA DE CV never had any property interest in its dealings with the City and that no property belonging to Maplex SA DE CV was wrongfully seized by the City.

4) Brownsville contends that the agreement of July 28, 1998 was clear and unambiguous.

5) The City of Brownsville contends that there was never any subsequent modification of the agreement of July 28, 1998 and that there was never a mutual agreement or additional consideration to support any such modification.

6) The City of Brownsville contends that the actual corporation which occupied the premises and which purported to commenced the manufacture of buses and bus parts was Eagle Motor Coach Corporation, not Maplex SA DE CV. Brownsville contends that Maplex SA DE CV lacks standing or justiciable interest to sue for damages allegedly sustained by Eagle or Eagle's employees; Olga Diaz and Osvaldo Verastegui.

6) The City of Brownsville denies that it has any policy, custom or official practice of the City of Brownsville which caused a violation of Maplex SA DE CV federally guaranteed civil rights.

7) The City of Brownsville would state that the only entity within the City of Brownsville with final policymaking authority for the City, is the Brownsville City Commission. The City of Brownsville denies that any other City official, under the

facts alleged by plaintiff in this case, would have final policy making authority for the City of Brownsville so as to make the City potentially liable under 42 U.S.C. §1983.

8) The City of Brownsville contends that Maplex SA DE CV petition is filed in bad faith, solely for the purpose of retaliating against the City of Brownsville for filing a state breach of contract action against Maplex SA DE CV.

9) The City of Brownsville contends that at all times its officers, officials and employees were protected by qualified immunity and official immunity and that they did not violate any clearly established rights of which any reasonable person would have known at the time, and furthermore, that any employees were acting in good faith, in a reasonable manner and in performance of their discretionary duties.

10) The City of Brownsville contends that it has governmental immunity from plaintiffs claims in this case and that immunity has never been waived by the Texas Legislature. Defendant The City of Brownsville specifically involks the protections and limitations of liability set forth in the Texas Tort Claims Act. Tex. Civ. Prac. And Rem Code § 101.021 et seq.

11). Brownsville contends that it was Eagle Motor Coach Corporation which was the entity which occupied the premises at Brownsville's airport for the purpose of conducting a manufacturing operation of buses and bus parts.

12) Brownsville contends that Maplex never even attempted to manufacture buses or bus parts at Brownsville's airport and that it is not even qualified to business within the State of Texas.

13) Brownsville contends that Maplex may have sold the air conditioner units it purchased in the bankruptcy sale to Eagle Motor Coach Corporation before Eagle moved onto the premises to commence manufacturing buses and bus parts.

14) Brownsville contends that the premises was voluntarily vacated by Eagle on May 5, 1999.

## VI.
## ADMISSIONS OF FACT

1) Maplex SA DE CV admits that Osvaldo Verastegui was never an employee of Maplex SA DE CV.



ClibPDF - www.fastio.com

2) Maplex SA DE CV admits that Olga Diaz was never an employee of Maplex SA DE CV.

3) Maplex SA DE CV admits that it is a 20% shareholder in Eagle Motor Coach Corporation; the other shareholders are Julio Garcia who owns 60% of the shares and Eagle Motor Coach SA DE CV, which owns the remaining 20% of the shares.

## CONTESTED ISSUES OF FACT

1) Whether the City of Brownsville breached the letter agreement of April 26, 1998.

2) Whether Maplex SA DE CV may claim a property interest arising from that agreement.

3) Whether there was ever any subsequent modification of that agreement; specifically whether there was a mutual agreement and consideration for any such subsequent modification.

4) Whether Maplex SA DE CV has standing or a justiciable interest to assert a claim for a breach of that agreement or any subsequent modification thereof.

5) Whether Maplex SA DE CV has standing or a justiciable interest to assert a claim for Brownsville's alleged interference with Eagle Motor Coach Corporations manufacturing operations.

6) Whether Maplex SA DE CV ever had a property right violated by Brownsville, or a mere unilateral expectation in future benefits arising from its dealings with the City.

7) Whether Maplex SA DE CV has standing to sue for a violation of constitutional rights allegedly sustained by Olga Diaz and Osvaldo Verastegui.

8) Whether Maplex SA DE CV may establish it had a property right in any air conditioners at the time of any alleged seizure since their corporate representative testified that the air conditioners may have been sold to Eagle prior to the time they were seized by Brownsville.

## CONTESTED APPLICABLE LAW

1) In order for the plaintiff to state a cause of action against the City of Brownsville under 42 U.S.C §1983, a plaintiff must show how its constitutional rights were violated by an official policy, practice or custom of Brownsville which had the force of law. ***Monell v. New York City Dept. of Social Servs.,*** 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978).

2) The Fourth Amendment is a personal right which cannot be asserted vicariously. ***Rakas v. Illinois***, 439 U.S. 128, 133-34, 99 S.Ct. 421, 425-26, 58 L.Ed.2d 387 (1978). 928 F.2d 697, ***San Jacinto Sav. & Loan v. Kacal,*** (C.A.5 (Tex.) 1991).



ClibPDF - www.fastio.com

3)Where there is no property interest, there can be no violation of either procedural or substantive due process. See . ***Levitt v. University of Texas at El Paso*** 759 F.2d 1224, , (5th Cir. 1985).

4) Texas municipalities have governmental immunity from suit which must be waived by a specific act of the Texas legislature such as that set forth in the Texas Tort Claims Act , Tex. Civ. Prac and Rem Code $101.021 et seq.

5) A Texas municipality is not liable under the Texas Tort Claims Act for the actions of employees who are immune from liability. ***City of Beverly Hills v. Guevara***, 904 S.W.2d 655, 656 (Tex.1995)

6) Governmental units are immune from suit for the intentional torts of their employees. Tex. Civ. Prac. and Rem Code § 101.0215. *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex.App.--Houston [1st Dist] 1995, no writ) and ***Jones v. Houston Independent School Dist.***, 979 F.2d 1004 (5th Cir.1992).

## CONTESTED ISSUES OF LAW

1) Whether Maplex SA DE CV acquired a property interest arising from a lease or contract with the City of Brownsville.

2) Whether Maplex SA DE CV has standing to assert any claim it has made in this suit.

3) Whether Maplex SA DE CV may, as a 20% shareholder of Eagle Motor Coach Corporation, assert a claim for an alleged violation of that corporations constitutional rights..

3) Whether Maplex SA DE CV has standing to sue for the seizure of Osvaldo Verastegui and Olga Diaz; neither of whom are its employees.

4) Whether and to what extent the City of Brownsville has governmental immunity from plaintiffs claims alleged in this suit

5) Whether the City of Brownsville's employees who allegedly committed the actions alleged by the plaintiff have state official immunity from suit.

6) Whether the City of Brownsville's employees have federal qualified immunity from suit.

7) Who was the individual with final policy making authority for the City of Brownsville for whom the plaintiff seeks to hold the City liable under 42 U.S.C. §1983.

## EXHIBITS

A) Plaintiffs Exhibit List

B) Defendants Exhibit List
Defendants exhibit list is attached.



ClibPDF - www.fastio.com

## WITNESSES

A. Plaintiff's Witness List is Attached

B. Defendants Witness List is Attached.
Witnesses will be called by video depositions only upon showing of no availability as required by the Federal Rules of Civil Procedure. Depositions and Video Depositions testimony may be used for purpose of impeachment.

## SETTLEMENT

The parties have exhausted all realistic possibilities that this case might be resolved short of trial.

## TRIAL

The trial of this case is reasonably expected to last 4 to 5 days.

## ATTACHMENTS

Plaintiffs and Defendants witness lists are attached. Defendants exhibit list is attached.

SIGNED on ______ day of September, 2001.

UNITED STATES DISTRICT JUDGE PRESIDING



ClibPDF - www.fastio.com

**SUBMITTED BY:**

________________________
Jose R. Lopez II
3336 Richmond, Suite 100
Houston, Texas 77098
(713) 624-1070
(713) 394-9555

Mark Sossi by AC Arachi w/permission
Mark Sossi
WILLETTE & GUERRA, L.L.P.
International Plaza
3505 Boca Chica Blvd., Suite 460
Brownsville, Texas 78521
(956) 541-1846
(956) 541-1893



ClibPDF - www.fastio.com

**SUBMITTED BY:**

Jose R. Lopez II
3336 Richmond, Suite 100
Houston, Texas 77098
(713) 624-1070
(713) 394-9555

Mark Sossi
WILLETTE & GUERRA, L.L.P.
International Plaza
3505 Boca Chica Blvd., Suite 460
Brownsville, Texas 78521
(956) 541-1846
(956) 541-1893



ClibPDF - www.fastio.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **MAPLEX, S.A., DE C.V.** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-00-032** |
| | § | **(JURY TRIAL REQUESTED** |
| **CITY OF BROWNSVILLE** | § | |
| | § | |

## DEFENDANT CITY OF BROWNSVILLE'S WITNESS LIST

1. Mr. Daniel T. Weber
   700 South Minnesota Avenue
   Brownsville, Texas 78521
   Director of Aviation for the City of Brownsville

2. Mr. John Reed
   700 South Minnesota Avenue
   Brownsville, Texas 78521
   Assistant Director of Aviation for the City of Brownsville

3. Mr. Joe Torres
   700 South Minnesota Avenue
   Brownsville, Texas 78521
   Maintenance Supervisor for the Brownsville/South Padre Island International Airport

4. Mr. Carlos Rubenstein
   P.O. Box 911
   Brownsville, Texas 78522
   Was the City Manager for the City of Brownsville

5. Mr. Henry Gonzalez
   P.O. Box 911
   Brownsville, Texas 78522
   Was the Mayor of the City of Brownsville

6. Mr. J.G. Warburton
   P.O. Box 911
   Brownsville, Texas 78522
   Was the City Attorney for the City of Brownsville
7. Mr. Julio Garcia
   1859 East 7th Street



ClibPDF - www.fastio.com

Brownsville, Texas 78521

8. Ms. Olga Diaz
Osvaldo Verastegui
Luis Barba
Danny Cisneros
Arturo Medellin
1859 East 7th Street
Brownsville, Texas 78521
Current and former employees of Eagle Motor Coach Company

9. Andres de Antonio
112 Flecha Lane
Unit B RMR Industrial 3
Laredo, Texas 78041
Former employee of Eagle Motor Coach Company

10. Officer Randy Dunn
City of Brownsville Police Department
600 East Jackson
Brownsville, Texas 78520
Officer participated in the investigations

11. Officer Orlando Maldonado
City of Brownsville Police Department
600 East Jackson
Brownsville, Texas 78520
Officer participated in the investigations

12. Officer Imelda V. Sanchez
City of Brownsville Police Department
600 East Jackson
Brownsville, Texas 78520
Officer participated in the investigations

13. Captain Carlos Mendez
City of Brownsville Police Department
600 East Jackson
Brownsville, Texas 78520
Officer participated in the investigations

14. Officer Santiago Manrrique



ClibPDF - www.fastio.com

City of Brownsville Police Department
600 East Jackson
Brownsville, Texas 78520
Officer participated in the investigations

15. Officer Sam Lucio
City of Brownsville Police Department
600 East Jackson
Brownsville, Texas 78520
Officer participated in the investigations

16. Officer Juan Hernandez
City of Brownsville Police Department
600 East Jackson
Brownsville, Texas 78520
Officer participated in the investigations

17. Mr. James G. Gaspard, II, Vice President
Corporate Affairs, Neoplan USA Corporation
700 Gottlob Auwaeter
Lamar, Colorado 81052
Vice President of Corporate Affairs for Neoplan USA Corporation, the operation which is currently negotiating with the City regarding lease of the facility

18. Mr. Mark Sossi
Willette & Guerra, L.L.P.
3505 Boca Chica Blvd Suite 460
Brownsville, Texas 78521
Reasonable and necessary attorneys fees incurred in this matter.

19. Mr. Dalby Fleming
Law Offices of Davidson & Troilo
7550 West IH 10, Suite 800
San Antonio, Texas 78229-5815
Reasonable and necessary attorneys fees incurred in this matter.



ClibPDF - www.fastio.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **MAPLEX, S.A., DE C.V.** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-00-032** |
| | § | **(JURY TRIAL REQUESTED** |
| **CITY OF BROWNSVILLE** | § | |
| | § | |

**DEFENDANT CITY OF BROWNSVILLE'S EXHIBIT LIST**

1. Lease of warehouse property from Tri-Phi Management Co., L.L.C to Olga Diaz.
2. Photographs of the subject facility
3. July 18, 1998 correspondence from Dan Weber to Julio Garcia
4. July 14, 1998 correspondence from Dr. Jose Garay Garcia to Dan Weber.
5. July 21, 1998 correspondence from Dr. Jose Garay Garcia to Dan Weber.
6. July 21, 1998 correspondence from Dr. Jose Garay Garcia to Carlos Rubenstein.
7. September 14, 1998 correspondence from Dan Weber to Julio Garcia
8. September 15, 1998 correspondence from Dr. Garay to Dan Weber
9. October 1, 1998 correspondence from Dan Weber to Dr. Garay;
10. October 5, 1998 correspondence from Dr. Garay to Dan Weber
11. October 6, 1998 correspondence from Dr. Garay to Carlos Rubenstein
12. October 26, 1998 correspondence from Dan Weber to Julio Garcia
13. December 14, 1998 correspondence from Dan Weber to Julio Garcia
14. February 24, 1999 correspondence from Dan Weber to Olga Diaz
15. March 18, 1999 correspondence from Dan Weber to Osvaldo Verastegui
16. March 24, 1999 correspondence from Osvaldo Verastegui to Dan Weber



ClibPDF - www.fastio.com

17. April 7, 1999 correspondence from Dan Weber to Julio Garcia

18. April 28, 1999 correspondence from Dan Weber to Julio Garcia

19. April 29, 1999 correspondence from Dan Weber to Julio Garcia

20. Manufacturing and Sales Contract by and between Eagle Motor Coach and Comercializadora Rabit, S.A. de C.V. dated November 11, 1998

21. May 6, 1999 correspondence from Julio Garcia to Dan Weber

22. Item bearing bate stamp num329 in the state court litigation purporting to represent part sales from August 1998 to July 1999

23. March 2, 1999 correspondence from Dan Weber to Osvaldo Verastegui

24. October 13, 21998 correspondence from Dan Weber to Dr. Garay

25. October 21, 1998 correspondence from Julio Garcia to Dan Weber

26. October 26, 1998 correspondence from Dan Weber to Julio Garcia

27. February 4, 1999 correspondence from Dan Weber to Julio Garcia

28. May 5, 1999 correspondence from Julio Garcia to Dan Weber

29. Search Warrant issued by Judge Elia Lopez on August 2, 1999

30. Affidavit of search warrant executed by Santiago Manrrique on August 2, 1999

31. Return on inventory regarding items seized pursuant to the search warrant executed on August 3, 1999

32. Deposition of Julio Garcia

33. Video Deposition of Julio Garcia

34. Deposition of Osvaldo Verastegui

35. Deposition of Olga Diaz.



ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAPLEX, S.A. DE C.V.<br>Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | B-00-032 |
| | § | |
| CITY OF BROWNSVILLE<br>Defendants | § | |

# PLAINTIFF, MAPLEX, S.A. DE C.V. WITNESS LIST

| Witness Name and Address | Nature of Testimony | Live / Deposition |
|---|---|---|
| Homer Garza<br>1111 North Loop West, Suite 927<br>Houston, Texas 77008 | Reasonable and necessary attorney's fees incurred in this matter | Live |
| Daniel T. Weber<br>700 S. Minnesota Avenue<br>Brownsville, Texas 78521 | Director of Aviation for the City of Brownsville, and has general knowledge regarding lawsuit | Deposition |
| Carlos Rubenstein<br>City Manager<br>P.O. Box 911<br>Brownsville, Texas 78522 | City Manager for the City of Brownsville and has general knowledge regarding the lawsuit | Deposition |
| Henry Gonzales<br>Mayor of Brownsville<br>P.O. Box 911<br>Brownsville, Texas 78522 | Mayor of the City of Brownsville at the time when this lawsuit was brought and has general knowledge regarding the lawsuit | Deposition |
| J. G. Warburton<br>City Attorney<br>P.O. Box 911<br>Brownsville, Texas 78522 | City Attorney for City of Brownsville and has general knowledge regarding the lawsuit | Deposition |
| Julio Garcia<br>1859 E. 7th Street<br>Brownsville, Texas 78522 | President of Eagle Motor Coach Corporation | Deposition |
| Dan Cedars<br>Valley Wide Security<br>1154 Pasadero Drive<br>Brownsville, Texas 78522 | Mr. Cedars did some contract work for Eagle Coach Corporation and is now an investigator for Wide Security | Deposition |

ClibPDF - www.fastio.com

| | | |
|---|---|---|
| Mary Medellin<br>Valley Wide Security<br>1154 Pasadero Drive<br>Brownsville, Texas 78522 | Ms. Madellin did a walk through with Mr. Cedars when hazardous material was noticed. | Deposition |
| Tracey Odem<br>Valley Solvents & Chemicals<br>1 1/2 Mile Highway, Suite 107<br>Combes, Texas 78535 | Mr. Odem has general knowledge regarding the hazardous material in the facility | Deposition |
| Olga Diaz<br>1859 E. 7th Street<br>Brownsville, Texas 78521 | Contracted to complete work for Eagle Motor Coach Corporation and has knowledge of the alleged issues | Live |
| Osvaldo Verastegui<br>1859 E. 7th Street<br>Brownsville, Texas 78521 | Contracted to complete work for Eagle Motor Coach Corporation and has knowledge of the alleged issues | Live |
| Luis Barba<br>3629 Rey David Drive<br>Brownsville, Texas 78521 | Contracted to complete work for Eagle Motor Coach Corporation and has knowledge of the alleged issues | Live |
| Danny Cisneros<br>3071 Rene Drive<br>Brownsville, Texas 78521 | Contracted to complete work for Eagle Motor Coach Corporation and has knowledge of the alleged issues | Deposition |
| Auturo Medellin<br>6912 Laguana Madre<br>Brownsville, Texas 78521 | Contracted to complete work for Eagle Motor Coach Corporation and has knowledge of the alleged issues | Deposition |
| John C. Reed<br>Assistant Director of Aviation<br>City of Brownsville<br>700 S. Minnesota Ave<br>Brownsville, Texas 78521 | Assitant Director of Aviation and has knowledge regardign this lawsuit | Deposition |
| Investigator Orlando Rodriguez and other unknown investigators<br>City of Brownsville<br>Brownsville Police Department<br>600 East Jackson<br>Brownsville, Texas 78520 | May have knowledge regarding the events of August 3, 1999 | Deposition |

ClibPDF - www.fastio.com

| | | |
|---|---|---|
| Inges Andres De Antonio<br>112 Flecha Lane, Unit B<br>R. M.r. Industrial III<br>Laredo, Texas 78041 | May have knowledge of negotiations pertaining to Maplex occupancy of the facility | Deposition |
| Dr. Jose F. Gary Garcia<br>112 Flecha Lane, Unit B<br>R. M.r. Industrial III<br>Laredo, Texas 78041 | May have knowledge of negotiations pertaining to Maplex occupancy of the facility | Deposition |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

ClibPDF - www.fastio.com